414 So.2d 189 (1982)
Virginia WEST, Petitioner,
v.
Richard B. WEST, Respondent.
No. 57305.
Supreme Court of Florida.
April 29, 1982.
Richard H. Langley, Clermont, for petitioner.
Arthur E. Roberts, Groveland, for respondent.
Elizabeth S. Baker, Miami, for Legal Services of Greater Miami, Inc.
Patricia Ireland, Miami, and Julia Dawson, North Miami, for Nat. Organization for Women in Florida and Florida Now.
Judith Bass, Miami, for Florida Ass'n of Women Lawyers.
Frances M. Farina, Miami Shores, for Florida Women's Political Caucus.
Roberta Fox of Gold & Fox, Coral Gables, H. Jack Klingensmith of Kuvin, Klingensmith & Lewis, South Miami, and Spencer Fox, Miami, for Cassandra Newby.
Bruce Rogow, Fort Lauderdale, for American Civil Liberties Union Foundation of Florida.
H. Jack Klingensmith of Kuvin, Klingensmith and Lewis, and Spencer Fox, Miami, for Dade County Advocate for Victims, Miami, and Forum, University of Miami, School of Law, Coral Gables, on brief for amicus curiae.
OVERTON, Judge.
Petitioner, Virginia West, sued her former husband, Richard B. West, alleging that during their marriage the husband intentionally injured her by throwing her to the floor, causing a triple fracture of her left ankle. The trial court dismissed the complaint for failure to state a cause of *190 action on the ground of interspousal tort immunity. She appealed to the Second District Court of Appeal which affirmed the trial court's dismissal and certified to us, pursuant to article V, section 3(b)(3), Florida Constitution (1972), the following question:
WHETHER A FORMER SPOUSE CAN MAINTAIN AN ACTION IN TORT AGAINST THE OTHER SPOUSE FOR AN INTENTIONAL TORT ALLEGEDLY COMMITTED DURING MARRIAGE WHERE SUCH MARRIAGE HAS SINCE BEEN DISSOLVED BY DIVORCE.
West v. West, 372 So.2d 170, 172 (Fla. 2d DCA 1979).
In Hill v. Hill, 415 So.2d 20 (Fla. 1982), we have answered the question in the negative. However, we emphasized that, where an intentional tort has occurred, the trial court in a subsequent dissolution proceeding has the authority
to direct the offending spouse to pay the necessary medical expenses not covered by insurance and the . .. authority to consider any permanent injury, disfigurement, or loss of earning capacity caused by an intentional tort in establishing appropriate alimony under section 61.08, [Florida Statutes 1979] particularly that provision which provides "the court may consider any other factor necessary to do equity and justice between the parties."
Hill v. Hill, at 24.
We note that in the instant proceeding the parties were married in 1976. The incident occurred in 1977, and the marriage was dissolved in 1978. The trial judge in the dissolution proceeding retained jurisdiction to award permanent alimony "in the event that modification is necessary in the future case of any disability the wife may have that is directly related to the injuries she sustained during her marriage to the Husband." The trial judge in the dissolution proceeding further directed the husband to pay all doctor, medical, and hospital bills, not otherwise covered by insurance, which resulted from the husband's tortious injury to the wife.
The trial court in the dissolution proceeding has properly complied with our decision in Hill v. Hill. Accordingly, the instant decision of the Second District Court of Appeal is approved.
It is so ordered.
BOYD, ALDERMAN and McDONALD, JJ., concur.
SUNDBERG, C.J., and ADKINS, J., dissent.