GOSHORN, Judge.
Jacqueline Treciak (wife) appeals a summary judgment finding liability in favor of USAA Casualty Insurance company on its complaint for subrogation. We reverse.
USAA filed a complaint seeking subrogation from the wife for $81,133.95 it paid to Clarence Treciak (husband) for a fire loss on a home owned by the husband and insured by USAA. The complaint alleged alternatively that the wife, either intentionally or negligently, caused the fire. At the time of the fire, the husband and wife were involved in a bitterly contested divorce, which was subsequently granted.
The wife moved for summary judgment arguing that USAA was barred by the doctrine of interspousal immunity, as well as certain releases given by the husband to the wife. The trial court denied the motion. Subsequently, USAA moved for summary judgment on the basis that the wife conceded setting the fire, both in her motion and in deposition testimony.
The Florida Supreme Court has clearly held that a direct action between spouses, even for an intentional tort committed in the midst of a divorce is barred by the doctrine of interspousal immunity. See Hill v. Hill, 415 So.2d 20 (Fla.1982) and West v. West, 414 So.2d 189 (Fla.1982). The viability of the interspousal immunity doctrine was recently affirmed in the case of Sturiano v. Brooks, 523 So.2d 1126 (Fla. 1988). While holding that the doctrine of interspousal tort immunity is still good law, the court noted that:
Actions between spouses must be barred when the policy reasons for maintaining the doctrine exist, such as the fear of disruption of the family or marital discord, or the possibility of fraud or collusion.
Id,.' at 1128.
In this case there is no possibility of fraud or collusion between the husband and the wife. There is however, the possibility of further disruption of the family unit, even though the parties were separated at the time the tort occurred, see Hill, supra, and eventually divorced, see West, supra.
Appellee, recognizing that the doctrine of interspousal immunity bars direct actions between a husband and wife, argues that the doctrine is inapplicable since this action is brought by a third party, to wit: USAA. Appellee relies on Shor v. Paoli, 353 So.2d 825 (Fla.1977). In Shor, suit was brought by a third party, joint tort-feasor, for contribution from the wife for a tort committed by the wife against the husband. Unlike Shor, however, USAA brings this action under its subrogation rights through the husband. As subrogee, USAA places itself “in the shoes of” the subrogor, i.e. the husband, and has no rights greater than the husband. See, Dantzler Lumber & Export Company v. Columbia Casualty Co., 115 Fla. 541, 156 So. 116 (1934). See also, 12 Fla.Jur.2d Contribution, In *170 demnity, and Subrogation § 38 (198k). Thus because the husband has no right of action against the wife, USAA, as subrogee of the husband, also has no right of action.
Initially, the application of the doctrine of interspousal immunity to the facts of this case may seem to render a harsh and unjust result. However we recognize that the Florida Supreme Court has consistently refused to chip away at this doctrine even in hard cases. We leave to them, as we must, the decision of when to adopt a overall change in philosophy and substantial modification of this difficult area of the law.[1] We note, however, that in this case, USAA, being presumptively aware of the continued viability of interspousal immunity, could have avoided liability by inserting appropriate protective language in its policy.
The summary judgment in favor of USAA is reversed and this cause remanded with instructions to the trial court to enter judgment in favor of the appellant/wife.
REVERSED and REMANDED with instructions.
SHARP, C.J., and DAUKSCH, J., concur.

. Hoffman v. Jones, 280 So.2d 431 (Fla.1973), modified on other grounds, 457 So.2d 467 (Fla. 1984).