558 So.2d 171 (1990)
Raymond J. PIRINO, Appellant,
v.
Marianne D. PIRINO, Appellee.
No. 89-559.
District Court of Appeal of Florida, Fifth District.
March 15, 1990.
*172 Andrea L. Cain and John M. Cain, Caine & Ewald, P.A., Orlando, for appellant.
George E. Adams of Adams, Hill, Fulford & Reis, Orlando, for appellee.
LEE, R.E., Jr., Associate Judge.
Raymond Pirino appeals the order allowing appellate attorney's fees to Marianne Pirino. He argues that the trial court erred by awarding the fees without considering evidence of the wife's need and the husband's ability to pay and that the court erred in enhancing the fee by a factor of 2 based on the results obtained. We agree and reverse.
This is the third appearance of the parties in this court. In Pirino v. Pirino, 525 So.2d 1028 (Fla. 5th DCA 1988), (Pirino I) this court reversed the award of $500 per month permanent periodic alimony and directed the trial court to increase the amount. Following Pirino I, this court conditionally granted the wife's motion for attorney's fees on appeal. This order on appellate attorney's fees is the subject of the instant appeal. In Pirino v. Pirino, 549 So.2d 219 (Fla. 5th DCA 1989) (Pirino II), this court reversed the $3,000 per month permanent alimony awarded upon remand from Pirino I because the trial court increased the permanent alimony award without considering the distribution of marital assets, the wife's earning potential, or the husband's ability to pay. This court denied the wife's motion for attorney's fees on appeal of Pirino II.
Following remand from Pirino I, there was a hearing on the appellate attorney's fees issue. This hearing was held some six weeks after the trial court rendered the amended final judgment increasing the permanent periodic alimony award to $3,000 and thus the trial court did not have the benefit of Pirino II at the time of deciding the appellate attorney's fees issue from Pirino I. At the hearing, the parties stipulated to $150 per hour and 32 hours as a reasonable fee and time. The wife's attorney then argued that the fee should be enhanced for the good results obtained. The court responded:
Well, I think they're entitled to a fee. Anybody that can get the Appellate Court to do something, without even having an oral argument, and then to write this wonderful opinion, which they wrote, deserves a percentage increase under Rowe.

No evidence of need or ability to pay was introduced. The trial court awarded the wife $1,366.99 in costs, and found the lodestar amount of attorney's fees to be $4,800. The trial court then doubled the amount of the award, based on the fact that the results obtained were very beneficial. The husband now appeals the attorney's fees order.
The trial court erred in failing to elicit any testimony or other evidence of the wife's need or the husband's ability to pay. Although the parties stipulated as to a reasonable fee and time, they never at any time agreed that the wife should receive her fees. This court, in its previous order, specifically required the trial court to make a finding of need and ability to pay as a condition precedent to assessing fees against the husband:
ORDERED that Appellant's motion for Attorney's fees, filed October 12, 1987, pursuant to Section 61.16, Florida Statutes, is granted conditioned upon a finding by the trial court of need and a commensurate ability to pay after appropriate consideration of the financial resources of both parties. Accordingly, this cause is hereby remanded to the Circuit Court for Orange County, Florida, for that consideration, and to assess the amount of the award, if any.
In Hyatt v. Hyatt, 426 So.2d 1181 (Fla. 5th DCA 1983), a case directly on point with the instant case, this court initially granted the wife's motion for attorney's fees on appeal using language identical to that of the instant case. This court set forth the following:
Upon remand, the trial court awarded a fee to the former wife's attorney after hearing testimony on the nature of the services rendered and the reasonable value of the fee. No evidence was presented at all as to the need of the former *173 wife of the ability of the former husband to pay the fee. The former husband appeals and we reverse. Not only does the order appealed from fail to comply with the order of this court, but it also fails to take into consideration the factors ordinarily considered in determining requests for the award of attorney's fees in domestic relations cases, viz, the needs of the requesting spouse and the financial abilities of the other spouse to respond.
This court reversed the order granting the wife's attorney's fees and remanded for further proceedings. Hyatt controls the instant case and likewise requires reversal and remand for further proceedings.
The other issue raised on appeal is whether the court was correct in enhancing the lodestar attorney's fees amount by a factor of 2 based on the results obtained. Because of our disposition of the initial question, we need not decide this issue. However, in an attempt to avoid yet another appearance of the parties before this court, we take this opportunity to point out that enhancement of attorney's fees in dissolution proceedings may be done only in "rare and extraordinary cases with truly special circumstances." Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990). The trial court's basis for enhancement in this case, that the wife's attorney had done something impressive by getting this court to write an opinion reversing the trial court without hearing oral argument, does not meet the Quanstrom standard.
The husband has filed a motion for attorney's fees and costs in the instant appeal, arguing that the wife is in a position to pay the fees and costs and the husband does not have that ability. We deny that motion on the basis that both parties appear to be in substantially equal positions to secure competent counsel.
REVERSED and REMANDED.
COBB and W. SHARP, JJ., concur.