564 So.2d 226 (1990)
James D. SIEGEL, Appellant,
v.
Victoria B. SIEGEL, Appellee.
No. 89-71.
District Court of Appeal of Florida, Fifth District.
July 12, 1990.
*227 Robert H. Hosch, Jr., of Butler, McDonald & Moon, Orlando, for appellant.
Dominick J. Salfi of Law Offices of Dominick J. Salfi, P.A., Altamonte Springs, for appellee.
W. SHARP, Judge.
James Siegel appeals from a supplemental final judgment in a dissolution case which awarded his former wife, Victoria, $300 per month permanent periodic alimony, and $9,000 as a contribution to her attorney's fees. This is the second appeal this court has heard in this case. See Siegel v. Siegel, 548 So.2d 266 (Fla. 5th DCA 1989), rev. granted, 559 So.2d 581 (Fla. 1990). This appeal concerns the propriety of the trial court's award of attorney's fees and alimony.[1] We reverse both and remand for further proceedings.

I. ALIMONY AWARD
The record establishes that Victoria is presently in good health. She works as a secretary earning $15,000 per year, and testified she expects to earn $25,000 per year within the next seven years. She is thirty-two years old, and the marriage lasted only six years. According to Victoria's testimony, the standard of living established during the marriage for their three-person family (Victoria, James and their one child) was based on annual support funds of $75,000. It thus appears that Victoria will be able to provide support for herself in a manner reasonably commensurate with the marital standard of living within a finite and ascertainable period of time.[2]
Additionally, this record does not reflect any extraordinary circumstances or reasons to award permanent alimony in such a short-term marriage to a spouse so young and in good health.[3] The record provides only a punitive basis for such an award.[4] Victoria testified James abused her and her two children by a prior marriage, that he *228 was addicted to alcohol and used drugs, and that he was guilty of other forms of parental and marital misconduct.
There was no showing, however, that such misconduct depleted the parties' marital assets, or that it permanently affected Victoria's earning capacity or caused her any lasting emotional or physical disability. See generally, Noah v. Noah, 491 So.2d 1124 (Fla. 1986); Hill v. Hill, 415 So.2d 20 (Fla. 1982);[5]West v. West, 414 So.2d 189 (Fla. 1982). Reprehensible conduct by a former spouse is not a sufficient basis, standing alone, to justify the award of permanent alimony in a case where rehabilitative alimony is appropriate.[6]

II. ATTORNEY FEE AWARD.
The trial court awarded Victoria $9,000 as contribution to her attorney fees in this case, based on the disparity in the incomes of Victoria and James. The record supports the trial judge's finding that James had an earned income of $52,000 per year excluding gifts from his parents which totalled $25,000 per year, and Victoria had only $15,000 per year. The record in this case is minimal, consisting primarily of Victoria's testimony. This was apparently because James elected not to appear. The record also establishes through expert witness testimony adequate to support the trial judge's finding that $11,000 (at least) would constitute a reasonable fee for Victoria's attorney in this case. Victoria's counsel and witness established that her trial attorney spent 73.67 hours on the cause, up to the time the final hearing began, and that a reasonable rate of compensation was $150 per hour.
However, the trial judge also found that this case was appropriate for the application of the lowest lode star multiplier of 1.5, Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), holding modified, Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990), which increased the reasonable attorney fee to $16,500. The trial judge cut back on the full award, and required James to contribute only $9,000 of the total reasonable fee. We do not know what ratio or formula the trial judge used to calculate James' required contribution, but no cross appeal has been filed in this case by Victoria.
Consideration of the lode star multiplier in this case was erroneous. Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990); Pirino v. Pirino, 558 So.2d 171 (Fla. 5th DCA 1990): Faust v. Faust, 553 So.2d 1275 (Fla. 1st DCA 1989). See also, Hoopes v. Hoopes, 525 So.2d 1015 (Fla. 4th DCA 1988). The expert witness testified that Rowe permits a *229 trial judge to apply a multiplier factor in domestic cases, even though no contingency fee arrangements are involved. The Florida Supreme Court has since held multipliers should not be employed in domestic cases unless there are exceptional or extraordinary circumstances. Quanstrom. None were shown here other than that the case was hard fought by competent counsel on both sides, and that the case involved an interstate child custody proceeding in a different state, presided over by an uncooperative judge.
Accordingly, we remand this cause to the lower court to determine an appropriate length of time during which to award the former wife rehabilitative alimony and to determine a reasonable attorney fee for the former wife's attorney, without application of the lode star factor. In its discretion, the trial judge may take additional testimony on both issues.
REVERSED in part; REMANDED.
DAUKSCH, J., and MILLER, J.D., Associate Judge, concur.
NOTES
[1] In the prior judgment, the trial court reserved ruling on the calculation method and the amount James would be required to contribute to Victoria's attorney's fees. Similarly, it reserved jurisdiction as to the method and amount of rehabilitative and/or permanent alimony to be paid by James to Victoria. These sums were set in the supplemental final judgment, which was timely appealed. We agree with appellant that the appeal is timely. See Clearwater Federal Savings and Loan Ass'n. v. Sampson, 336 So.2d 78 (Fla. 1976); Morand v. Stoneburner, 516 So.2d 270 (Fla. 5th DCA 1987), rev. denied, 525 So.2d 879 (Fla. 1988).
[2] See Pirino v. Pirino, 549 So.2d 219 (Fla. 5th DCA 1989).
[3] Compare, e.g., Driscoll v. Driscoll, 547 So.2d 1247 (Fla. 4th DCA 1989) (court abused its discretion in failing to award fifty-seven year old wife permanent periodic alimony at conclusion of five year marriage where wife, by entering into the marriage, had given up alimony payments due from a previous marriage and was left in a "pathetic financial state"); Simzer v. Simzer, 514 So.2d 372 (Fla. 2d DCA 1987) (award of permanent periodic alimony to fiftynine year old wife following two year marriage not error where evidence showed wife's need for support included her status as a psychiatric patient, and husband's ability to pay); Volosin v. Volosin, 382 So.2d 733 (Fla. 2d DCA 1980) (court abused its discretion in failing to award permanent alimony to sixty-one year old wife at conclusion of five year marriage where wife was in poor health).
[4] The trial court explained:

Well, to be frank, what is going on in the trial court's mind is as far as the permanent alimony is the attrition this marriage has had on the mother the circumstances and her devotion and contribution in trying to keep the family together under hazardous circumstances, at best, which were visited on her through no fault of hers. She has developed and overcome a severe alcoholic problem, but once an alcoholic always an alcoholic. That's the permanency of it. She has made remarkable strides and commendable strides in that regard.
[5] In Hill, the court explained that where an intentional tort has occurred, the trial court in a subsequent dissolution proceeding has the authority:

[T]o direct the offending spouse to pay the necessary medical expenses not covered by insurance and the . .. authority to consider any permanent injury, disfigurement, or loss of earning capacity caused by an intentional tort in establishing appropriate alimony under section 61.08, [Florida Statutes (1979)] particularly that provision which provides `the court may consider any other factor necessary to do equity and justice between the parties.'
415 So.2d at 24.
In West, the court found the trial court acted correctly in the dissolution of a two year marriage marked by husband's physical abuse of wife when it retained jurisdiction to award permanent alimony "in the event that modification is necessary in the future case of any disability the wife may have that is directly related to the injuries she sustained" during the marriage.
[6] Contogeorgos v. Contogeorgos, 482 So.2d 590 (Fla. 4th DCA 1986) (trial court should have awarded rehabilitative rather than permanent alimony where upon dissolution of nine year marriage, wife, twenty-nine, was capable of self-support within one year of graduation from college); Campbell v. Campbell, 432 So.2d 666 (Fla. 5th DCA), rev. dismissed, 453 So.2d 1364 (Fla. 1984) (award of permanent periodic alimony error in ten year marriage where record showed wife, a thirty-four year old Thai native had clerical skills, spoke several languages and possessed ultimate capability to become self-supporting). See also Wismar v. Wismar, 522 So.2d 552 (Fla. 5th DCA 1988) (award of permanent periodic alimony to thirty-two year old wife upon dissolution of eight year marriage error where wife's education and earning ability showed she had capacity for self-support, parties were in similar financial positions though husband earned $11,000 more per year than wife).