570 So.2d 357 (1990)
Ethlyn Rita GARCIA, Appellant,
v.
Raul Antonio GARCIA, Appellee.
No. 90-269.
District Court of Appeal of Florida, Third District.
October 23, 1990.
Rehearing Denied December 19, 1990.
*358 Michael D. Ray, and Neil D. Kolner, Miami, for appellant.
Raul Antonio Garcia, in pro. per.
Before BASKIN, COPE and GERSTEN, JJ.
PER CURIAM.
Appellant, Ethlyn Rita Garcia, wife, appeals a post-judgment order awarding her a portion of the attorney's fees she sought in the underlying dissolution action. We reverse and remand.
This is the second appearance of this case before this court. In the first case we held the trial court erred in denying the wife's motion for attorney's fees, and we reversed and remanded the cause for further proceedings on the wife's motion. Garcia v. Garcia, 534 So.2d 1211 (Fla. 3rd DCA 1988). On remand, the trial court held several hearings on the wife's motion for attorney's fees. The trial court determined that $4,500 was the proper fee for the services rendered by the wife's attorneys and subsequently entered an order directing the husband to pay such amount. Thereafter, the husband moved to vacate the order awarding $4,500 against him. The trial court granted the husband's motion to vacate and entered an order assessing fees against the husband for one-half of $4,500, that is, $2,250. This appeal followed.
The wife raises two primary contentions on appeal. First, she argues the trial court erred in failing to award attorney's fees in accordance with the requirements of Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). We agree.
Rowe mandates the trial court, in determining the proper amount of attorney's fees, to set forth specific findings as to the hourly rate, the number of hours reasonably expended, and the appropriateness of the reduction or enhancement factors. Frechter v. Frechter, 548 So.2d 712 (Fla. 3d DCA 1989); Lanham v. Lanham, 528 So.2d 80 (Fla. 2d DCA 1988). In this case, the trial court erred in failing to set forth its specific findings.
In ruling the trial court failed to follow the dictates of Rowe, 472 So.2d at 1151, we reject the wife's assertion that the amount of attorney's fees awarded should be enhanced for delay based on the federal "consumer price index." No language in Rowe or its progeny provides for enhancement on such basis.
Further, we reject the wife's claim that her attorney's fees should be enhanced based on the lode star multiplier. The Florida Supreme Court has held that multipliers should not be employed in domestic relations cases absent rare and extraordinary circumstances. Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990); Pirino v. Pirino, 558 So.2d 171 (Fla. 5th DCA 1990); Faust v. Faust, 553 So.2d 1275 (Fla. 1st DCA 1989). The wife has not demonstrated such rare and extraordinary circumstances were present in this case.
In addition to our ruling that the trial court erred in failing to set forth its specific findings, we conclude the trial court erred in requiring the husband to pay only half of the wife's attorney's fees. The evidence before the court was that the husband had an average monthly income of over $1,600 and over $50,000 in assets, while the wife had an average monthly income of approximately $440 and no assets. Since the husband had the superior financial ability to pay the fees, it was error for the trial court to assess the husband for only half of such fees. See Kuse *359 v. Kuse, 533 So.2d 828 (Fla. 3d DCA 1988); § 61.16, Fla. Stat. (1989).
Second, the wife contends the trial court erred in failing to award her attorney's fees for services rendered in the previous appeal of this action. We do not agree.
In the prior appeal, the wife made no motion for attorney's fees in accordance with rule 9.400(b), Florida Rules of Appellate Procedure, and this court did not authorize an award of attorney's fees for such appeal.
The failure to file a motion for attorney's fees in accordance with rule 9.400(b), Florida Rules of Appellate Procedure, is a proper basis for the denial of attorney's fees. Salley v. City of St. Petersburg, 511 So.2d 975 (Fla. 1987). Further, a trial court may not award appellate attorney's fees absent a mandate from the appellate court. Real Estate Apartments, Ltd. v. Bayshore Garden Apartments, Ltd., 530 So.2d 977 (Fla. 2d DCA 1988); Gieseke v. Gieseke, 499 So.2d 839 (Fla. 4th DCA 1986). The trial court, therefore, properly refused to allow the wife the attorney's fees for the prior appeal.
Accordingly, the order under review is reversed and remanded for further proceedings consistent with this opinion.
Reversed and remanded.