625 So.2d 853 (1993)
In re the Marriage of Edward N. CLAUGHTON, Jr., Appellant,
v.
Beverly A. CLAUGHTON, n/k/a Beverly Mixson, Appellee.
Nos. 91-550, 91-983, 91-984, 91-2861 and 92-920.
District Court of Appeal of Florida, Third District.
August 17, 1993.
Rehearing Denied November 9, 1993.
*854 Deborah Marks, North Miami, for appellant.
Sinclair Louis Heath Nussbaum & Zavertnik, P.A., Hicks, Anderson & Blum, P.A., and Mark Hicks and Gary A. Magnarini, Miami, for appellee.
Maurice Jay Kutner, P.A., and Maurice Jay Kutner and Carolyn W. West, Miami, for Lois Claughton.
Before BASKIN, JORGENSON and COPE, JJ.
JORGENSON, Judge.
In these consolidated appeals, Edward Claughton, the former husband, appeals from a post-dissolution final judgment of equitable distribution and orders awarding Beverly Claughton, his former wife, costs and attorney's fees; Lois Claughton, Edward's current wife, appeals from an order denying her motion to intervene. We affirm the judgment of equitable distribution[1] and the order denying Lois Claughton's motion to intervene; as to the order awarding Beverly Claughton fees and costs, we affirm in part, reverse in part, and remand.
Edward and Beverly Claughton were divorced in 1976; the trial court reserved the right to determine property rights. Following fifteen years of contentious litigation in both Florida and federal courts, a two-phase trial was held to determine the percentage of equitable distribution to which Beverly was entitled, and then to determine the value of the assets to be distributed. The trial court determined that Beverly was entitled to fifty percent of the marital assets; that threshold determination has not been challenged. Following extensive conflicting expert testimony, the trial court valued the marital assets as of the date of the dissolution of marriage, and entered a fourteen-page order that contains detailed findings and conclusions. Five days after this evidentiary proceeding, Lois Claughton, Edward's current wife, moved to intervene. The trial court denied that motion. Following entry of final judgment, Beverly moved for relief pursuant to Fla. R.Civ.P. 1.540, seeking to have the judgment set aside for fraud on the ground that Edward had concealed the pending sale of a major marital asset, and asserting that Edward's net worth was therefore significantly higher than previously determined. The trial court heard evidence, granted the motion, and entered an amended final judgment that increased the valuation of Beverly's fifty percent share of the marital assets for an award *855 of $3,976,465. The trial court denied Beverly's request for interest on the award on the ground that fifteen years' worth of interest, which amounted to over four million dollars, would financially devastate Edward.
The trial court ordered Edward to pay fifty percent of Beverly's attorney's fees to avoid an inequitable diminution of her distribution award. After hearing extensive testimony, the court entered orders awarding Beverly both trial and appellate fees totalling over $700,000. That fee award included an "enhancement" of $250,000 to the law firm of Sinclair, Louis, Heath, Nussbaum & Zavertnik for "results obtained." The trial court also awarded Beverly costs of $72,824.39.
The trial court properly denied Lois Claughton's motion to intervene in the distribution of her husband's marital property from his prior marriage. Lois and Edward were married in November of 1976. Despite the acrimonious litigation for more than a decade, Lois waited until after the evidentiary hearing on the equitable distribution to attempt to involve herself in the dispute between her husband and his previous wife. Under any standard, Lois' attempt was untimely. See e.g., Hatcher v. Roberts, 478 So.2d 1083 (Fla. 1st DCA 1985) (motion to intervene untimely filed one day before final arguments on motion for summary judgment), rev. denied, 488 So.2d 68 (Fla. 1986); Havanatur v. 747 Travel Agency, Inc., 463 So.2d 404, 405 (Fla. 3d DCA) (trial court did not abuse its discretion in denying motion to intervene filed "during final stages of litigation."), rev. denied, 475 So.2d 694 (Fla. 1985). More importantly, however, Lois lacked standing to intervene. Her interests are coextensive with her husband's, and were adequately represented. To hold otherwise would be disruptive to the ongoing marriage and contrary to public policy. Compare Adler v. Adler, 365 So.2d 411 (Fla. 3d DCA 1978) (third party allowed to intervene in divorce proceeding to attack conveyance of property as fraudulent), and Kremnitzer v. Kremnitzer, 358 So.2d 72 (Fla. 3d DCA 1978) (third party who had power of attorney over property held in husband's name and who had sued to recover proceeds of sale of that property allowed to intervene in divorce proceeding).
We likewise find no abuse of discretion in the trial court's valuation and distribution of the marital assets. The choice of the date of the dissolution of marriage as the valuation date was well within the trial court's sound discretion. Moore v. Moore, 543 So.2d 252, 257 (Fla. 5th DCA 1989) ("[T]he choice of dates to value marital assets is largely up to the trial judge's discretion."); Perlmutter v. Perlmutter, 523 So.2d 594, 596 (Fla. 4th DCA 1987) (determination of appropriate date for valuation to be determined on case by case basis; date of dissolution hearing most common date selected), rev. denied, 531 So.2d 1354 (Fla. 1988). A date after the dissolution should not be chosen because the subsequent change in the property's value could be due to nonmarital labor or efforts, not subject to distribution. See Bain v. Bain, 553 So.2d 1389 (Fla. 5th DCA 1990). We find no merit in Edward's argument that the trial court erred in failing to consider the tax consequences of the equitable distribution scheme. The trial court's order explicitly states that the court considered and equitably allocated the tax burden between the parties. See Werner v. Werner, 587 So.2d 473, 474 (Fla. 3d DCA 1991). We find no error in the trial court's determination. Further, it is unmistakably clear that the property transfers involved in this case are occurring incident to the divorce of the parties and could not have occurred prior to the conclusion of these proceedings.
As to the actual valuation and distribution of the assets, we find that the trial court's order is supported by substantial, competent evidence, and we will therefore not disturb the equitable distribution scheme fashioned below. Shaw v. Shaw, 334 So.2d 13 (Fla. 1976) (appellate court will not substitute its judgment for trial court in action for dissolution of marriage where judgment of trial court supported by substantial competent evidence).[2]
*856 We affirm the order awarding attorney's fees to Beverly in all respects save that portion that grants the law firm of Sinclair Louis, et al. a fee enhancement of $250,000. Absent "rare and extraordinary cases with truly special circumstances," an enhancement or multiplier should not be granted in domestic relations cases. Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828, 835 (Fla. 1990); Garcia v. Garcia, 570 So.2d 357 (Fla. 3d DCA 1990). Our research has revealed no case in Florida where an enhancement or multiplier was properly awarded in a dissolution proceeding. See e.g., Siegel v. Siegel, 564 So.2d 226, 229 (Fla. 5th DCA 1990) (award of multiplier error in dissolution action where "case was hard fought by competent counsel on both sides," and involved interstate custody proceeding), Pirino v. Pirino, 558 So.2d 171 (Fla. 5th DCA 1990) (multiplier not justified where trial court order reversed without hearing parties' oral argument). Although this litigation presents a long and complicated history, the legal issues involved were not particularly novel or complex. Neither the facts of the case nor the sums of money implicated in this proceeding justify an award of attorney's fees that includes an enhancement. Allowing the enhancement to stand would encourage parties to a dissolution action to needlessly prolong and complicate the proceedings. Accordingly, we reverse the trial court's award of an enhancement, and remand with directions to strike that award and enter a judgment awarding attorney's fees consistent with this opinion.
Affirmed in part[3], reversed in part, remanded with directions.[4]
NOTES
[1] The order that we affirm is entitled "Amended Final Judgment Pursuant to Rule 1.540."
[2] For the same reasons, we affirm the trial court's order granting Beverly's 1.540 motion, and the amended final judgment that ensued.
[3] We also affirm the order awarding Beverly costs.
[4] Beverly Mixson, the former wife, conceded at oral argument that the Amended Final Judgment Pursuant to Rule 1.540 must be corrected to strike the phrase "by warranty deed" from paragraph E that requires the husband to convey his interests in Claughton Island. We therefore direct the trial court to do so on remand.