767 So.2d 1284 (2000)
Maria Teresa HENIN, Appellant,
v.
Jerome HENIN, Appellee.
No. 5D99-1457.
District Court of Appeal of Florida, Fifth District.
October 6, 2000.
*1285 Mark S. Troum, of Chartered Law Offices of Troum & Wallsh, Winter Park, for Appellant.
Franz F. Springmann, of Barnett, Barclay & Springmann, P.A., Orlando, for Appellee.
GRIFFIN, J.
Maria Teresa Henin ["wife"] appeals the portions of a final judgment of dissolution dealing with permanent alimony, equitable distribution and child custody. We find that it was not an abuse of discretion for the trial court to award primary residential responsibility for the parties' son to husband. However, we find multiple defects in the final judgment pertaining to financial issues.
Wife complains that the trial court made no oral findings at the close of evidence, requested a proposed judgment from each party and then signed with only one change to the verbatim proposed judgment of husband. Although this is not in and of itself error, under the circumstances of this case, it does heighten our concern about the errors and omissions contained in the final judgment.
First, the trial court failed to make sufficient findings regarding its equitable distribution scheme. Wife is correct that the final judgment of dissolution fails to identify all the marital assets and fails to include valuations of the marital assets and liabilities as required by section 61.075(3), Florida Statutes (1997). This court has consistently reversed final judgments in which the court has failed to make the requisite findings regarding an equitable distribution. See, e.g., Calderon v. Calderon, 730 So.2d 400 (Fla. 5th DCA 1999); Brock v. Brock, 690 So.2d 737 (Fla. 5th DCA 1997); Miller v. Miller, 625 So.2d 1320 (Fla. 5th DCA 1993). The judgment did find that "on the date of filing there was approximately $6,000.00 in marital funds, stocks and other equities in possession of the Husband...." but we can find no support for this figure in the record.[1] Husband was excused from accounting for the $2,500 in insurance proceeds received for the theft of wife's jewelry. He was not required to account for the $12,000 in rent the parties earned on the Park Lake Condominium.
The final order references husband's exhibit 10, which is attached to the final judgment, but the figures on exhibit 10 appear inconsistent with the figures reached by the trial court. Certain items are included for which husband is not entitled to reimbursement, such as the mortgage on the Asbury property. There are no rental adjustments.
Additionally, the wife was charged a net sales price of $78,700 for the Park Lake condominium, instead of the $70,000 less commission shown on husband's 1996 financial affidavit.[2] It is unclear where the trial court got the $78,700 figure shown on the final judgment, although it may be the 1999 assessed value, less the commission which will presumably go to husband. The trial court should be consistent in the valuation dates, or explain the disparity.
Wife does appear to be chargeable with one-half of the fair rental value of her exclusive occupancy of the Asbury property since it was not included in the award of child support. Wife is entitled, however, to a credit of one-half the monies she spent in maintaining the Asbury Road home. Additionally, she is entitled to a credit against these monies of one-half of *1286 the fair rental value of the Lehigh Road property and the Park Lake condominium for the periods they were exclusively occupied by husband.
Wife next argues that it was error to deny her permanent alimony without making findings of fact relative to each of the factors set forth in section 61.08(2), Florida Statutes (1997), as required by section 61.08(1). Among other things, the trial court made no findings regarding the standard of living established during the marriage, the physical and emotional condition of each party, and the contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party. The trial court also failed to make findings regarding the husband's income. This error requires reversal. Kennedy v. Kennedy, 622 So.2d 1033 (Fla. 5th DCA 1993), review dismissed, 641 So.2d 408 (Fla.1994).
Accordingly, we reverse and remand for additional findings and correction of errors in the judgment.[3]
REVERSED and REMANDED.
THOMPSON, C.J., and SAWAYA, J., concur.
NOTES
[1] Husband was excused from paying wife any portion of cash assets because he had allegedly "spent far in excess of these monies" on his wife and child. These appear to have been joint funds, however.
[2] Husband's 1996 financial affidavit valued the Park Lake condominium at $70,000. His 1999 financial affidavit valued the condominium at $120,000.
[3] The trial court need not revisit the financial scheme for any matters not in dispute.