927 So.2d 989 (2006)
Susan EDEL f/k/a Susan Walker, Appellant,
v.
A. Grayson WALKER, III, Appellee.
No. 5D04-2029.
District Court of Appeal of Florida, Fifth District.
March 31, 2006.
Rehearing Denied May 5, 2006.
*990 Elizabeth Siano Harris of Stadler Harris, P.A., Titusville, for Appellant.
Inger M. Garcia of The Law Office of Inger M. Garcia, Hollywood, for Appellee.
PER CURIAM.
This case presents a long and somewhat tortured history. Susan Edel, f/k/a Susan Walker, filed this action for dissolution of her six-year marriage to A. Grayson Walker, III, on September 21, 1995. The first final judgment, entered September 16, 1997, was reversed on appeal in Walker v. Walker, 719 So.2d 977 (Fla. 5th DCA 1998). In its opinion, this court addressed a number of points simply "to expedite the handling of this already too-delayed and over-litigated case." Id. at 978. Inexplicably, the matter languished below for over three years before the second trial was held between October 2001 and January 2002.
Following the bench trial, the parties submitted written closing arguments in February 2002. Because of an unreasonably long delay in the issuance of a ruling (a matter for which the trial judge has been disciplined by the Florida Supreme Court), the Chief Judge of the Eighteenth Circuit intervened. According to the record, he met with the parties and offered two alternatives. First, if the parties felt that the long delay would affect the trial judge's ability to rule fairly, the parties could stipulate to a mistrial. Alternatively, the parties could waive any objection based upon the unreasonable delay and request a ruling. Both parties chose this second option.
Therefore, both parties affirmatively requested the belated ruling from the judge who had presided over the trial of this matter. Once the judge ruled, however, Walker filed a motion to vacate the final judgment, citing as his grounds the trial judge's unreasonable delay in entering its final order. The trial court granted the motion and vacated the final judgment. This appeal ensued.
Contrary to Walker's suggestion that the delay in ruling alone makes the final judgment "per se reversible," the delayed ruling does not, standing alone, justify setting aside the final judgment. E.g., Ascontec Consulting, Inc. v. Young, 714 So.2d 585 (Fla. 3d DCA 1998); Leto v. Dep't of Env. Protection, 824 So.2d 283 (Fla. 4th DCA 2002); see also B.S. v. Dep't of Children and Families, 860 So.2d 1038 (Fla. 5th DCA 2003). Rather, there must be "delay plus an indication that something is seriously amiss on the merits," such as conflicts or inconsistencies between the trial court's findings at the time of trial and *991 the ultimate judgment, or significant findings not supported by the record. Ascontec, 714 So.2d at 587. Here, there is no indication of anything "amiss" in the final judgment. In preparing the final judgment, the trial court represented that it had reviewed its trial notes (126 pages that included notations regarding witness credibility), the entire transcript of the six-day trial, the parties' written closing arguments, and each of the eighty-two exhibits submitted into evidence. The final judgment itself also states that the trial court "recalls the case, the parties, the witnesses and the issues clearly...."
Additionally, we find no fault with regard to the many rulings contained within the final judgment that Walker alleges to be "inconsistent" or "contrary to the evidence." For example, Walker argues that the trial court erred in imputing income to him in the amount of $60,000 annually. However, the record supports the trial court's findings regarding Walker's extensive, unreported income and lavish lifestyle. There was also testimony that Walker has a Ph.D., no barriers to employment, an extensive and diverse background as a manager, and earning potential between $40,000 and $80,000 annually.
Walker next argues that the trial court erred by not imputing income to Edel. The record demonstrates that in 1999 Edel worked for Saga Software, Inc., earning $60,000. In 2000, she worked for On Display, earning $80,000. At the time of trial, she worked for Software AG at a salary of $80,000. We find no error in finding Edel's earnings to be $80,000 annually.
Walker further argues that the court erred in its treatment of settlement proceeds from a wrongful termination suit. The court correctly applied Weisfeld v. Weisfeld, 545 So.2d 1341 (Fla.1989) to determine that the proceeds were not initially a marital asset. However, the court ruled that the parties' discussions of their plans for the funds, their conduct regarding the funds during the marriage, and the deposit of the funds into a joint account from which funds were expended for marital debts and purchases created a presumption that Walker intended a gift to Edel of a half interest in the jointly-held funds. See Link v. Link, 897 So.2d 533, 537 (Fla. 5th DCA 2005). Under these circumstances, we cannot conclude that the trial judge erred in finding that the settlement award had lost its status as a non-marital asset because it had been gifted to Edel.
Similarly, we find no error in the court's ruling regarding the marital home. The trial court's choice of valuation date is well within its sound discretion. E.g., Noone v. Noone, 727 So.2d 972, 974 (Fla. 5th DCA 1998); Catalfumo v. Catalfumo, 704 So.2d 1095 (Fla. 4th DCA 1997); Claughton v. Claughton, 625 So.2d 853, 855 (Fla. 3d DCA 1993). The court did not abuse its discretion by valuing the marital residence as close to the date of dissolution as possible after contrasting Edel's maintenance of and contribution to the marital residence with Walker's lack of contribution. See Catalfumo, 704 So.2d at 1099; § 61.075(6), Fla. Stat. (2003).
Walker also contends that the trial court materially erred in its rulings regarding child support, rehabilitative alimony, a 1984 Ferrari, a Mercedes, a boat, real property on Lansing Island, marital debt, and personal property. We find no error in the final judgment as it relates to any of these issues.
*992 In short, we see nothing in the final judgment or record suggesting that the delay in the trial judge's ruling caused her to have forgotten or confused any material issue.[1] Given these findings, along with the fact that Walker himself affirmatively asked for the delayed ruling, we find that the order vacating and setting aside the final judgment constituted an abuse of discretion. Accordingly, we reverse with instructions to reinstate the amended final judgment.
While we deny both parties' requests for appellate attorneys' fees on need and ability to pay, we remand to the trial court to consider Edel's request for fees at the trial level. See Rosen v. Rosen, 696 So.2d 697 (Fla.1997); Simpson v. Simpson, 780 So.2d 985, 987-88 (Fla. 5th DCA 2001) (observing that it is generally appropriate to award attorney's fees to one party to compensate for fees occasioned by the other party's misconduct in attempting to hide assets); see also Carr v. Shawfrank, 894 So.2d 272, 273 (Fla. 1st DCA 2004).
REVERSED and REMANDED.
GRIFFIN, MONACO and LAWSON, JJ., concur.
NOTES
[1] We note two minor errors in the final judgment that neither implicate the court's recollection of the evidence nor otherwise raise concern as to the order's integrity. With respect to life insurance, the court should have included findings as to the need for insurance, the amount needed, its cost, and Walker's insurability. Byers v. Byers, 910 So.2d 336, 346 (Fla. 4th DCA 2005). Walker should pay the son's uncovered medical expenses in accordance with his percentage share of child support, and child care costs should be reduced by 25% and added to the basic obligation. See Stern v. Chovnick, 914 So.2d 524 (Fla. 4th DCA 2005); §§ 61.30(7), (8).