SUAREZ, J.
A. Glenn Braswell (“former husband”) appeals the entry of the final fourth money judgment in favor of Renee Braswell (“former wife”) and also requests this court to reassign this case to a new trial judge. We affirm the trial court’s final fourth money judgment and deny the former husband’s request to have this matter reassigned.
This appeal is yet another in a long line of appeals arising out of the dissolution of marriage and marital settlement agreement entered into by these two parties over six years ago. There is, therefore, no reason to once again go through the litany of facts of this case.
We first affirm the trial court’s final fourth money judgment. Former husband filed this appeal arguing that the trial court’s delay in signing the judgment after the hearing, coupled with what the former husband contends was the trial court’s intervention on behalf of the former wife at the hearing, requires reversal. We disagree. A delay coupled with “an indication that something is seriously amiss on the merits,” and not a claim of bias, may lead to reversal. See Ascontec Consulting, Inc. v. Young, 714 So.2d 585, 587 (Fla. 3d DCA 1998). For something to be “seriously amiss on the merits” there must be conflict or inconsistencies existing between the trial court’s findings at the time of trial and the ultimate judgment, or some significant findings not supported by the record, along with the delay in the entry of the judgment. Edel v. Walker, 927 So.2d 989, 990-91 (Fla. 5th DCA 2006). A review of the record shows that the trial court did not intervene at the hearing and that there are no inconsistencies or conflict between the trial court’s findings during the hearing in question and the final fourth money judgment entered by the trial court. Therefore, we affirm the trial court’s final fourth money judgment.
Former husband next requests that this court order the case to be “reassigned” to another trial judge claiming the present judge lacked neutrality or impartiality. It would appear that the former husband has brought this request as a motion to “reassign” instead of as a motion to disqualify as former husband has already appealed a motion to disqualify on, basically, the same grounds which were denied. See Braswell v. Braswell, 910 So.2d 271 (Fla. 3d DCA 2005). We deny former husband’s request. We have reviewed the record and do not find any bias or prejudice by the trial judge.
We affirm the trial court’s final fourth money judgment and deny the former husband’s request to have this case reassigned.