WALLIS, J.
Thomas Carnicella (“Appellant”) appeals the trial court’s denial of a motion for new trial after a final judgment of dissolution of marriage and equitable distribution, which resulted in equalizing payments to Sheri Carnicella (“Appellee”). Appellant argues that because the trial court abdicated its judicial responsibility, a new trial is warranted for the equitable distribution. We agree and, therefore, reverse and remand for a new trial regarding only the equitable distribution. Although the trial court *698 committed many errors, we highlight three as worthy of ordering a new trial.
Before the parties’ marriage, Appellant worked as a professionally licensed, general, residential contractor. One year before their marriage, Appellant purchased a vacant lot by obtaining a construction loan for $155,800 and built almost the entire home, which was titled in Appellant’s name only. Appellant testified he used $12,000 from savings and $31,200 from his salary to pay for costs associated with the home’s construction. In contrast, Appellee could not quantify the financial contribution either party made to purchase or construct the house.
The parties married on April 28, 2000. Appellee filed for dissolution on March 24, 2011. On the date of filing for dissolution, Appellee had credit card debt of $129.75. Appellee testified that after filing for dissolution, she borrowed $30,000 from her parents to pay her attorney’s fees. Appellant testified that he borrowed $5,000 on a home equity line of credit to pay his attorney’s fees. Testimony established that Appellee lived in the marital home until three weeks before trial, with Appellant paying the mortgage.
On July 25, 2012, at trial, the trial court announced that neither party was entitled to attorney’s fees. After three months of inactivity, both parties submitted, via email, proposed time-sharing plans, amortization tables, equitable distribution charts, and final judgments. Almost six months elapsed between the end of the trial and the court’s entry of the final judgment. The trial court adopted, almost verbatim, Appellee’s twenty-five-page proposed final judgment.[1] The trial court in-eluded verbatim the four-page equitable distribution chart and five-page repayment amortization table.
The final judgment included the $30,000 Appellee borrowed for attorney’s fees as a marital liability subject to equitable distribution, but excluded Appellant’s $5,000 draw on the home equity line of credit. The final judgment found that the equity value of the home at the time of marriage was 100% marital. The trial court then set a valuation date closer to the date of trial instead of the date of filing for dissolution. In the equitable distribution, Appellant did not receive credit for the mortgage payments he made between the date of filing and trial. Finally, the final judgment valued Appellee’s credit card debt at the time of filing as $1,000, despite Appel-lee’s admission at trial that her credit card debt at the time of filing for dissolution was $129.75.
The equitable distribution resulted in an equalizing payment from Appellant to Ap-pellee of $197,655, amortized by Appellee’s proposed table to monthly payments of $1,537.42. The trial court’s equitable distribution left the $2,280 monthly mortgage payment and home equity line of credit payments as solely Appellant’s responsibility. Appellant also owes $133.35 in child support per month. Based on the trial court’s equitable distribution, Appellant owes $3,950.77 per month, despite his imputed monthly income of $3,440.17.
On appeal, Appellant argues for a new trial because the trial court: (1) delayed entering the final judgment for six months; (2) adopted verbatim Appellee’s proposed equitable distribution; (3) entered a final judgment, which conflicted with its oral *699 ruling; and (4) made many errors in valuation and timing of assets. We agree.
“An excessive delay between a trial and entry of final judgment may require reversal.” Walker v. Walker, 719 So.2d 977, 978 (Fla.5th DCA 1998) (citing Caswell v. Caswell, 674 So.2d 861 (Fla. 2d DCA 1996)). In Walker, this court indicated that whether the delay was “reasonable” is evaluated on a case-by-case basis and that there is no bright-line test to determine whether the delay was reasonable. Id. at 979 (reversing on all issues except for the dissolution of marriage and remanding for a new trial after a nine and a half month delay). The delay can span fifteen months without requiring reversal. See Florida Air Acad., Inc. v. McKinley, 688 So.2d 359, 361 (Fla. 5th DCA 1997). Or, a case can be reversed with just over a three-month delay. Polizzi v. Polizzi, 600 So.2d 490 (Fla. 5th DCA 1992).
In previous eases, this court has acknowledged that “the delayed ruling does not, standing alone, justify setting aside the final judgment.” Edel v. Walker, 927 So.2d 989, 990 (Fla. 5th DCA 2006) (citations omitted). “Rather, there must be ‘delay plus an indication that something is seriously amiss on the merits,’ such as conflicts or inconsistencies between the trial court’s findings at the time of trial and the ultimate judgment, or significant findings not supported by the record.” Id. at 990-91 (quoting Ascontec Consulting, Inc. v. Young, 714 So.2d 585, 587 (Fla. 3d DCA 1998)); accord, Fla. Air Acad., Inc., 688 So.2d at 360 (considering whether “there is a factual finding in the final judgment unsupported by the trial evidence”); Poliz-zi, 600 So.2d at 491 (noting that oral pronouncements at trial that differ with holdings in the judgment can support a new trial when there is an unreasonable delay). Other factors include those that show whether the delay in the trial court’s ruling caused it “to have forgotten or confused any material issue.” Edel, 927 So.2d at 992. For example, this court has viewed a trial judge’s execution of a proposed order just before retirement as suspicious. Polizzi, 600 So.2d at 491-92 (Harris, J., concurring specially) (“The record here reflects that the trial judge, because of a heavy caseload, the passage of time and his impending, immediate retirement, may have deferred to trial counsel in deciding this case.”). Similarly, a trial court’s adoption of a proposed order verbatim is suspicious. Henin v. Henin, 767 So.2d 1284, 1285 (Fla. 5th DCA 2000) (noting that where “the trial court made no oral findings at the close of evidence, requested a proposed judgment from each party and then signed with only one change to the verbatim proposed judgment of husband ... is not in and of itself error,” but “does heighten our concern about the errors and omissions contained in the final judgment”).
Here, the court waited almost six months, which, without more, would not require reversal. However, based on the content and effect of the final judgment, we are convinced the trial court either forgot or confused the central issues at trial. The trial court adopted verbatim Appellee’s equitable distribution table. The trial court’s oral ruling expressly denying both parties’ attorney’s fees and the written final judgment classifying Appel-lee’s $30,000 loan as a marital liability are clearly inconsistent.[2] See Schmitz v. Schmitz, 950 So.2d 462, 463 (Fla. 4th DCA 2007) (reversing and remanding because *700 the husband’s post-filing debts were included as marital liabilities, which resulted in the "wife incurring one-half of the husband’s debts for his attorney’s and accountant’s fees).
Furthermore, the trial court’s failure to attribute any pre-marital equity was error where undisputed and express testimony showed that Appellant provided $12,000 from savings and $31,200 from his salary before marriage for costs associated with the house. The trial court also failed to credit Appellant for mortgage payments he made before trial, resulting in Appel-lee’s benefit of the appreciation of the value of the marital home from the date of filing for dissolution to the date of trial.
Finally, although Appellee concedes error in this appeal that her credit card debt should have been $129.75 instead of $1000, the error was included in the proposed final judgment and adopted into the trial court’s final judgment.[3]
For these reasons, the circumstances of this case demonstrate that there was a “delay plus an indication that something is seriously amiss on the merits.” Edel, 927 So.2d at 990 (citation omitted). Accordingly, we reverse this case and remand for a new trial on issues relating only to the equitable distribution.[4]
REVERSED and REMANDED for New Trial with Instructions.
SAWAYA and EVANDER, JJ., concur.

. The trial court made changes to the proposed final judgment’s equitable distribution findings only by renumbering four paragraphs and renaming "bonus room” to “bonus/game room” and “a glorified attic” to "a very nice attic.” The trial court changed nothing in the four-page equitable distribution chart. The trial court made substantial changes to the parenting plan that are not relevant to this appeal.

. The net effect resulted in Appellant paying all of his own attorney’s fees and half of Appellee's attorney's fees, despite the express ruling at trial that neither party was entitled to fees.

. We find no need to detail the proposed final judgment’s mathematical error and a naming error for one of Appellant's bank accounts that were both adopted by the trial court.

. The dissolution of marriage, parenting plan, and timesharing plan may not be revisited on remand.