IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JAMES STANFIELD,

      Appellant,

 v.                                  Case No.  5D15-381

TIFFANNEE MARQUIS,

      Appellee.

_____/

Opinion filed October 28, 2016

Appeal from the Circuit Court
for Osceola County,
C. Jeffery Arnold, Judge.

Brandon M. Tyson, of Tyson Law Firm,
LLC, Altamonte Springs, for Appellant.

Tiffannee Marquis, Apopka, pro se.


CRAGGS, A.M., Associate Judge.

      James Stanfield ("Father") appeals a final judgment modifying timesharing, parental responsibility, and child support between Father and Tiffannee Marquis ("Mother") regarding the parties' two minor children.  Father argues that the excessive delay between the trial and the entry of the final judgment requires reversal and, further, that the trial court erred when it modified timesharing and child support because Mother failed to plead the occurrence of a substantial change in circumstances.  Because there

was a twenty-two-month delay between the trial and entry of the final judgment, the final judgment was a nearly verbatim recitation of the judgment proposed and furnished ex parte by Mother, and the final judgment was entered immediately prior to the trial judge's retirement, we agree that, under these circumstances, reversal and remand for a new trial is required.

On July 16, 2008, Father filed a "Petition to Establish Paternity, Custody, and Child Support." Paternity of the two children was not disputed; however, parental responsibility, timesharing, and child support were hotly contested. On August 15, 2011, after the trial on the petition, the trial court entered an "Interim Final Judgment."[1] In relevant part, the final judgment established paternity, a parenting plan (that included determinations of shared parental responsibility and timesharing), and child support of $178.58 per week. An amended final judgment was entered December 14, 2011; however, neither timesharing nor child support were altered.

On February 21, 2012, Mother filed three pro se "motions,"[2] two of which were relevant to this appeal, wherein she sought: 1) to modify the timesharing arrangement

---

[1] Despite the trial court's use of the word "interim" in the title of the judgment, it was a true final judgment on Father's petition to establish paternity because it completed the judicial labor in the case except for ancillary matters for which it reserved jurisdiction.

[2] The "motions" filed by Mother alleged a substantial change in circumstances since rendition of the initial final judgment and sufficiently placed Father on notice that she sought modifications of timesharing and child support. Father did not raise any defenses or objections regarding a lack of service of process or as to the sufficiency of the allegations contained in the motions as a basis for modification, and the parties tried the issues that Mother raised by implied consent. Therefore, we find that the trial court did not err in effectively treating these contemporaneously filed "motions" as a supplemental petition to modify timesharing and child support or in proceeding to trial thereon.

because it was not conducive to the stability of the minor children and 2) to amend or correct child support. The parties proceeded to trial on the modifications to timesharing and child support sought by Mother on March 1, 2013.

Eight and one-half months later, on November 13, 2013, Mother sent the trial court an ex parte letter together with a proposed final judgment. The trial court took no action upon the letter except to file it and the proposed final judgment in the court file on August 27, 2014. On October 1, 2014, nineteen months after the March 1, 2013 trial, Mother sent a second ex parte letter to the trial court, begging that it enter a final judgment. Additionally, both of Mother's ex parte letters to the trial judge included allegations against Father, ranging from unflattering to scathing. On December 31, 2014, at or about the time the trial judge was retiring, the trial judge executed the final judgment that is under review in the instant appeal. Although the final judgment was not identical to Mother's ex parte proposed final judgment, the differences between the two documents were insignificant or in Mother's favor. Father did not seek any post-judgment relief in the trial court before filing a notice of appeal.

"An excessive delay between a trial and entry of final judgment may require reversal." *Carnicella v. Carnicella*, 140 So. 3d 697, 699 (Fla. 5th DCA 2014) (quoting *Walker v. Walker*, 719 So. 2d 977, 978 (Fla. 5th DCA 1998)). "[W]hether [a] delay was 'reasonable' is evaluated on a case-by-case basis . . . ." *Id.* (citing *Walker*, 719 So. 2d at 979). "[A] delayed ruling does not, standing alone, justify setting aside the final judgment." *Id.* (quoting *Edel v. Walker*, 927 So. 2d 989, 990 (Fla. 5th DCA 2006)). "Rather, there must be 'delay plus an indication that something is seriously amiss on the merits'" to justify reversal for a new trial, "such as conflicts or inconsistencies between the

3

trial court's findings at the time of trial and the ultimate judgment, or significant findings not supported by the record." *Id.* (quoting *Edel*, 927 So. 2d at 990-91).

The twenty-two-month delay between the trial and the entry of the final judgment in this case, wherein the best interests of minor children were at issue, is "indefensible and intolerable." *See Falabella v. Wilkins*, 656 So. 2d 256, 257 (Fla. 5th DCA 1995). In domestic cases, when the best interests of children are being heard and determined, a "prompt disposition is vital." *Id.* Further, the final judgment was entered just before the trial judge's retirement and was a near-verbatim adoption of Mother's ex parte proposed final judgment. The "execution of a proposed order just before retirement" and the "adoption of a proposed order verbatim" are concerning. *Carnicella*, 140 So. 3d at 699; *see Polizzi v. Polizzi*, 600 So. 2d 490, 491-92 (Fla. 5th DCA 1992) (Harris, J., concurring specially); *Henin v. Henin*, 767 So. 2d 1284, 1285 (Fla. 5th DCA 2000). Both of these circumstances exist in the instant case. Hence, there is reason to reverse the trial court's final judgment and remand for a new trial based upon the lengthy delay between trial and entry of the final judgment.

Had Father's only ground for appeal been the unreasonable delay between the trial and the final judgment, authority exists to deny the appeal for failing to provide the trial court with the opportunity to correct any error. *See Ascontec Consulting, Inc. v. Young*, 714 So. 2d 585, 587 (Fla. 3d DCA 1998) (citing Fla. R. Civ. P. 1.530(a)). However, the additional circumstances of Mother's ex parte communications with the trial court, the trial court's adoption of Mother's proposed final judgment nearly verbatim, and the entry of the final judgment on the eve of the trial judge's retirement distinguish *Ascontec Consulting* from the instant case. Further, the fact that *Ascontec Consulting*

4

was a civil suit for damages, while the instant case is a domestic relations case involving the best interests of minor children, is an important distinction. Therefore, in this instance, Father's failure to seek rehearing is not fatal to his appeal.

REVERSED and REMANDED

ORFINGER and BERGER, JJ., concur.