DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA

**K.G.,** the mother, and **K.H.,** the father,
Appellants,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES** and
**GUARDIAN AD LITEM PROGRAM,**
Appellees.

Nos. 4D19-1011 and 4D19-1071

[September 25, 2019]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Alberto Ribas, Jr., Judge; L.T. Case No. 2002-10357 CJ-DP (G, H, I).

Antony P. Ryan, Director and Richard F. Joyce, Special Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Fourth District, West Palm Beach, for appellant, K.G., the mother.

Lori D. Shelby, Fort Lauderdale, for appellant, K.H., the father.

Ashley Moody, Attorney General, Tallahassee, and Carolyn Schwarz, Assistant Attorney General, Children's Legal Services, Fort Lauderdale, for appellee, Department of Children and Families.

Thomasina F. Moore, Statewide Director of Appeals, and Laura J. Lee, Senior Attorney, Appellate Division, Statewide Guardian Ad Litem Office, Tallahassee, for appellee, Guardian Ad Litem Program.

GROSS, J.

The parents appeal an order of disposition terminating their parental rights to three children ranging in age from six to nine. We affirm the final judgment and write to address one issue raised in the mother's brief.

The mother has nine children. Her six oldest children were removed from her care between 2002-2006, primarily due to her substance abuse. Her three youngest children are the subject of the present case.

The trial court adjudicated the two older children dependent between 2012 and 2013, and the third child, born during the pendency of these proceedings, was sheltered when he was two weeks old and adjudicated dependent in November 2013.

In 2015, the Department of Children and Family Services filed a petition for termination of parental rights ("TPR"), which was amended on February 19, 2016. The trial lasted nine days over an 18-month period, concluding on May 25, 2018.

Ten months later, on March 29, 2019, the trial court issued a 60-page order of disposition terminating the parents' parental rights to the three children.

The mother argues that the TPR order should be reversed because it was entered ten months after the conclusion of the trial.

While an excessive delay between a non-jury trial and the entry of an order of disposition may require reversal, a "delayed ruling does not, standing alone, justify setting aside the final judgment." *Stanfield v. Marquis*, 201 So. 3d 1283, 1285 (Fla. 5th DCA 2016) (quoting *Carnicella v. Carnicella*, 140 So. 3d 697, 699 (Fla. 5th DCA 2014)). To reverse, there must be a "combination of delay plus an indication that something is seriously amiss on the merits." *Ascontec Consulting, Inc. v. Young*, 714 So. 2d 585, 587 (Fla. 3d DCA 1998). Examples of serious problems justifying reversal include "conflicts or inconsistencies between the trial court's findings at the time of trial and the ultimate judgment, or significant findings not supported by the record." *Stanfield*, 201 So. 3d at 1285 (quoting *Carnicella*, 140 So. 3d at 699); *see also Williams College v. Bourne*, 625 So. 2d 913 (Fla. 5th DCA 1993) (final judgment apparently at odds with the evidence); *Polizzi v. Polizzi*, 600 So. 2d 490, 491 (Fla. 5th DCA 1992) (final judgment in conflict with judge's oral pronouncements at trial).

In this case, the order of disposition is not in conflict with events at the trial. We distinguish this case from *A.D. v. Department of Children & Families*, 273 So. 3d 1016 (Fla. 4th DCA 2019), relied upon by the mother. Unlike the situation in *A.D.*, nothing in this record suggests that anything had changed between the conclusion of the TPR trial and the time the order of disposition was entered. Also, the court in *A.D.* found a "lack of evidence on critical issues regarding the child's manifest best interests at the final hearing." 273 So. 3d at 1020. Here, competent substantial evidence supported the trial court's ruling.

Florida Rule of Judicial Administration 2.250(a)(1)(G) provides that for permanency proceedings "most cases should be completed" as follows: "Permanency hearing—12 months (date child is sheltered to hearing)." There appears to be no time standard in the rule covering the time a trial judge has to generate an order of disposition after the conclusion of a TPR trial. Although the record here does not reflect the reason for the ten-month delay in generating the order after the TPR trial concluded, such a rule might well provide guidance to trial judges as to what type of delay is acceptable.

Even though the rules do not provide guidance, the legislature has weighed in on an appropriate time within which to issue an order of disposition in a TPR case. Effective October 1, 2019, section 39.811(5), Florida Statutes provides:

> If the court terminates parental rights, the court shall enter a written order of disposition within *30 days after conclusion of the hearing* briefly stating the facts upon which its decision to terminate the parental rights is made.

Ch. 2019-128, § 12, Laws of Fla. (2019) (emphasis added).

WARNER and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***