523 So.2d 594 (1987)
Robert PERLMUTTER, Appellant/Cross Appellee,
v.
Audrey Harriett PERLMUTTER, Appellee/Cross Appellant.
Robert PERLMUTTER, Appellant,
v.
Audrey Harriett PERLMUTTER, Appellee.
Nos. 85-2378, 4-86-1911.
District Court of Appeal of Florida, Fourth District.
March 25, 1987.
Rehearing and Rehearing Denied April 22, 1988.
H.T. Maloney of Patterson & Maloney, Fort Lauderdale, for appellant.
Cynthia L. Greene of Law Offices of Frumkes and Greene, P.A., Miami, for appellee.
Rehearing and Rehearing En Banc Denied April 22, 1988.
DOWNEY, Judge.
The parties to this dissolution of marriage case both complain that the trial court erred in entering the final judgment appealed from. The husband contends the award of lump sum alimony is too large and the manner of payment is too onerous. Furthermore, he objects to being required to pay the wife's attorney's fees and suit money. By cross appeal the wife contends the trial court erred in not awarding her permanent periodic alimony and in using the date of filing suit as the date for valuation of the marital assets in making an equitable distribution.
We agree with the wife's contention that the wrong date was utilized in determining the value of the marital assets, which so skews the entire award that it is unnecessary to treat the other appellate points.
This marriage survived for over thirty years. In the beginning, the husband worked in a paint store in New York owned by his father. In due course, the father died and the husband eventually ended up with the paint business, known as Pearl Paint Company. Both husband and wife worked in the business, which flourished with the opening of new stores in New York, New Jersey, and Florida.
This suit was filed in Broward County, Florida, on October 22, 1981, and went to trial October 8, 1984, with final judgment being entered August 19, 1985. The primary marital asset was the various paint store businesses known in this litigation as The Pearl Group. The husband's expert valued The Pearl Group at $3,214,600 in 1981 and $5,711,300 in 1983; whereas, the wife's expert valued the group at $4,200,000 in 1981 and $7,200,000 in 1983. Thus, it appears that, regardless of whose figures the trial court may rely upon, there was a vast difference in the valuations of the business between the date suit was filed and the date of trial, some three years later. The husband contends for the date suit was filed, while the wife viewed the *595 trial date as the critical time for valuation. The trial judge was persuaded that the filing date was the appropriate one, stating in the final judgment:
E. One of the troublesome but important issues in this proceeding was to determine the date of valuation of the assets. The appropriate date for valuation of the assets and determination of what those assets are should be the date of the filing of the Petition for Dissolution of Marriage and this Court so holds for the reason that as of that date the marital enterprise is no longer viable, it is a definite date that is known for the purposes of evaluation and it reduces the expense of duplication or updating appraisals and evaluations for the Final Hearing, making all discovery from that date. The value of the Husband's interest in the Pearl Group as of October, 1981 is found to be $3,250,000. There is no need to make a finding as to the value of the Pearl Group as of the trial date, to wit: October, 1984, as same is irrelevant for the purposes of the adjudication of this proceeding.
In a very recent case, which neither the trial court nor counsel had the benefit of prior to submission of the case, decided December 1, 1986, by the Appellate Division of the Supreme Court of New York in Wegman v. Wegman, 509 N.Y.S.2d 342 (N.Y. App. Div. 1986), the court considered what had been described as "one of the most perplexing and difficult problems created by the Equitable Distribution Law  the issue of the date to be used for the valuation of marital property." The case reviews numerous cases from other jurisdictions, some of which view the critical date as the date of separation, others the date suit is filed, others the date of trial, and some even use the date of the judgment. In explaining the reason for this great diversity the court pointed out:
The justification of this reluctance to create a simple formula for property division was well expressed by the Supreme Court of Wisconsin in Lacey v. Lacey, 45 Wis.2d 378, 383, 173 N.W.2d 142, 145:
"The formula for division derives from the facts of the individual case. If it is argued that this approach gives great leeway and also places a heavy responsibility on trial courts in divorce cases, there is no gainsaying that fact. However, both flexibility and responsibility are called for by the endless variety of human situations that come to court in family cases. No two are exactly alike."
Other courts have explained that in order to achieve a truly equitable division of marital property, a court must be given the flexibility to utilize alternative valuation dates where reasonable under the facts presented (see, Berish v. Berish, supra [69 Ohio St.2d 318, 432 N.E.2d 183 (1982)]). Since the value of one asset might change drastically during the course of the dissolution of a marriage, while the worth of another remains stable, some courts have stated that there is discretion to employ different valuation dates for different assets (see, In re Marriage of Lippert, 627 P.2d 1206 [Mont.]).
The issue of valuation has been the subject of much discussion among the commentators in the matrimonial area, with most in agreement on the need for flexibility.
509 N.Y.S.2d at 350.
The Wegman court concluded from its study that:
After reviewing and considering all of the cases and authorities in this area, we have concluded that there can be no strict rule mandating the use of a particular valuation date and that a trial court must have the discretion to select a date appropriate to the case before it in light of the particular circumstances presented.
509 N.Y.S.2d at 351. Examples of varied circumstances that would dictate one date over another were seen by the court as follows:
In many cases valuation of marital assets as of a date as close to the time of trial as practicable will result in an award which is fair to both parties. As has heretofore been pointed out, there *596 frequently may be a substantial lapse of time between the date of commencement of the action and the date of trial. For example, in the case before us, over three and one-half years elapsed between the commencement of this action by Mrs. Wegman in July 1981 and the trial of the economic issues in March 1985. During a delay of this kind, many assets, particularly businesses such as that involved in the case at bar, may experience fluctuations that might dramatically change the logic of the distribution. Under such circumstances, the valuation of assets close to the time of trial may result in the formulation of an award consistent with the purpose of equitable distribution and insure that each spouse receives a fair share of the family assets accumulated while the marital relationship endured (citations omitted).
However, in other cases circumstances may exist which would justify the use of a valuation date closer to the time of commencement of the action. As we have already mentioned, a sharp increase in the value of a marital asset due solely to the efforts of the owner spouse might be such a circumstance. Similarly, a dramatic reduction in value due to dissipation or wasteful conduct of the owner spouse might justify the use of a date earlier than the date of trial. These examples, of course, are not exclusive. Furthermore, recognition may be given to the principle which is the basis of the Equitable Distribution Law, namely, that the concept of "economic partnership" rests upon the existence of an underlying and continuing marital relationship.
In the last analysis, the date chosen must be tailored to the particular facts involved in each case and must be reflective of the legislative mandate to provide for the equitable distribution of the assets of the marital partnership.
509 N.Y.S.2d at 352.
We would align this court generally with the conclusions reached by the Wegman court, leaving the determination of the appropriate date for the trial court on a case by case basis, depending upon the facts and circumstances thereof. Having said that, we believe the trial court erred in choosing the filing date of suit as the appropriate date for valuation because the property had increased in value between filing and trial date by over $2,000,000. Under these circumstances, it appears clear to us that the court should have used the trial date for valuation in fashioning a reasonable equitable distribution of the marital assets between the parties.
Accordingly, we reverse the judgment appealed from and remand the cause with directions to reconsider the equitable distribution of the marital assets using the trial date as the proper valuation date. We take no position on the other aspects of the judgment because, in refashioning the distribution of the property, the entire picture may be changed.
STONE, J., and RIVKIND, LEONARD, Associate Judge, concur.