580 So.2d 876 (1991)
Richard HICKS, Appellant,
v.
Jean C. HICKS, Appellee.
No. 90-02029.
District Court of Appeal of Florida, Second District.
May 31, 1991.
Ky M. Koch and M. Katherine Ramers of Boyer and Koch, P.A., Dunedin, for appellant.
Watson R. Sinden, St. Petersburg, for appellee.
SCHEB, Judge.
Richard Hicks appeals the final judgment entered on his petition and his wife Jean's counterpetition for dissolution. Specifically, he challenges the equitable distribution of the parties' real and personal property and the award of permanent periodic alimony to Mrs. Hicks. We affirm in part and reverse in part.
First, Mr. Hicks argues that the trial court erred in not adhering to his request that it assign specific values to the parties' assets. The record reveals, however, that on Mr. Hicks' motion for rehearing, the trial court did make such findings. Both in an oral pronouncement and in a written amendment to the final judgment, the court indicated that "the proposed equitable distribution filed by the Wife/Respondent and the values contained therein are by inference the values used for equitable distribution." Thus, the court provided specific findings.
Second, Mr. Hicks points out that after he and Mrs. Hicks submitted proposed distributions, the court awarded substantially all the valuable assets of the marriage to the wife. He points out that this occurred because the wife's proposed distribution, which served as the basis for the final judgment, valued assets and liabilities on different dates. He cites section 61.075(4), Florida Statutes (1988), for the proposition that the trial court must use the same date for valuations of each and *877 every asset and liability. We disagree with this blanket assertion.
Section 61.075(4) does not apply here because the Hicks' divorce proceedings commenced in November 1986, long before the section's effective date of October 1, 1988. Regardless, a review of the record discloses that with two exceptions (i.e., Mr. Hicks' former business and his boat/yacht), the trial court did value assets and liabilities as of one date: the second (and last) day of trial in July 1989. From a practical standpoint, this was appropriate since the parties' financial situations and property values changed in the more than three-year period between the petition and the amendment to the final judgment. Among other developments, the equity in the parties' real property diminished because Mrs. Hicks was relegated to borrow using the property as security to pay her living expenses after Mr. Hicks, the primary wage earner of the family, ceased contributing to her support.
We pause to express our concern that this dissolution proceeding took three and one-half years to progress from the filing of the initial petition to the denial of Mr. Hicks' motion for rehearing on the final judgment. The first day of trial was in August, 1988; the second day was held almost a year later in July 1989. The final judgment was not entered until December 29, 1989. We recognize that heavy caseloads make it difficult to handle all cases expeditiously. Nevertheless, prolonged litigation places an onerous burden on the parties, the trial court, and to a lesser extent on the appellate court, to resolve issues concerning values, which can fluctuate drastically over time. It seems likely that some of the disagreement about values might have been avoided by a prompt resolution at the trial level.
We now turn to Mr. Hicks' challenges to the specific values the court assigned to the parties' assets and liabilities. We have reviewed the record, and except for the two assets mentioned above and discussed in detail below, we think there was substantial, competent evidence to support the values incorporated by inference from Mrs. Hicks' proposed distribution scheme.
We do think, however, that the court erred in accepting Mrs. Hicks' valuation of $29,000 for Mr. Hicks' business. The $29,000 figure was the amount used for depreciation on the parties' 1985 tax return filed before the business was closed and before the dissolution proceedings commenced. At the time of filing for dissolution, Mr. Hicks had retained only a small amount of equipment which he valued at $2,900 and a Ford pickup which the parties valued between $3,000 and $4,000, and he was responsible for a $2,900 business debt. By the second day of trial in 1989, Mr. Hicks had sold additional equipment, retaining less than $2,000 worth, and had reduced the business debt to $2,400. In light of the evidence presented on this issue, we think the trial judge abused her discretion in accepting the $29,000 value, a figure made irrelevant by the fact that the business was closed before dissolution proceedings commenced. In addition, we agree with Mr. Hicks that it was error for the trial judge to charge the value of the Ford pickup against his share twice, once as an asset of the closed business and once as individual property, valued at $4,000.
We also think the trial court misinterpreted the effect of the parties' testimony regarding the value of a boat owned by Mr. Hicks. When the parties separated, Mr. Hicks had a boat; Mrs. Hicks said her former husband had an equity of $12,000 in the boat. At the 1988 hearing, Mr. Hicks testified that he sold it for $10,500 and used $5,500 of the proceeds to acquire a new boat on which he lived. At the 1989 hearing, Mr. Hicks said he owed $32,000 on the new boat in which he had an equity of $5,000. The court apparently accepted the value proposed by Mrs. Hicks. However, this represented the value of the first boat at the time of the parties' separation, as opposed to the value of the boat that existed on the second day of trial. We do not think that this choice of a valuation date different from that used for other assets is warranted. See Kelly v. Kelly, 557 So.2d 625 (Fla. 4th DCA 1990).
*878 In connection with the equitable distribution scheme, we note that Mr. Hicks is also correct that the $5,000 lien he was awarded, intended by the trial court to balance out the parties' distributive shares, is illusory. The award bears no interest and is payable only upon the sale of the marital home or the death of Mrs. Hicks. Therefore, Mr. Hicks has no right to participate in the home's future appreciation and indeed may never even receive the $5,000, as Mrs. Hicks is not required to sell the home. See Huttig v. Huttig, 530 So.2d 1051 (Fla. 3d DCA 1988).
Finally, in reviewing the award of $150 per week permanent periodic alimony to Mrs. Hicks, we are unimpressed by Mr. Hicks' argument that his former wife failed to prove need. This was a long-term marriage. Mr. Hicks was the primary wage earner, and Mrs. Hicks was a homemaker. She has suffered both physically and emotionally from having been shot in the back by Mr. Hicks, and in general, suffers from a deteriorated health condition. We cannot say the trial judge abused her discretion in awarding permanent alimony. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
Accordingly, we affirm those parts of the final judgment dissolving the parties' marriage and the award of permanent alimony to the wife. We reverse the equitable distribution award. We also vacate the $5,000 lien to Mr. Hicks, with the direction that if, upon remand, the trial court awards such a lien to either party, it should provide a definite date of payment for sale of any assets securing the lien.
On remand, the trial court shall revisit its equitable distribution consistent with this opinion, taking further testimony if necessary. Finally, we direct the trial court to expedite any further proceedings.
Affirmed in part, reversed in part, and remanded with directions.
SCHOONOVER, C.J., and DANAHY, J., concur.