727 So.2d 972 (1998)
James H. NOONE, Appellant,
v.
Lorraine H.A. NOONE, Appellee.
No. 97-1039.
District Court of Appeal of Florida, Fifth District.
December 31, 1998.
Rehearing Denied March 3, 1999.
*973 James R. Dressler, Cocoa Beach, for Appellant.
Walter T. Rose, Jr., of Rose & Weller, P.A., Cocoa Beach, for Appellee.
THOMPSON, J.
Appellant, James H. Noone, appeals an order amending a final judgment of dissolution. Noone argues that the court erred when valuing real and personal property. We affirm the judgment as to the dissolution but reverse as to the equitable distribution of property.
James Noone ("Husband") and Lorraine H.A. Noone ("Wife") were 60 and 59 years of age, respectively, and had been married approximately 40 years when the dissolution petition was filed. They owned two condominiums in Brevard County and one in Massachusetts. The final judgment of dissolution awarded one condominium to the Wife and the others to the Husband, and purported to equitably distribute the remaining marital assets. To equalize the distribution, the court ordered the Husband to pay the Wife $13,756.39. The Husband filed a motion for rehearing challenging the dates used to value the parties' trusts and IRAs, and the values assigned to the real property. The motion also asserted that one asset, an automobile, was distributed to the Husband twice. The trial court denied the motion, but amended the final judgment to revalue the Wife's trust and IRAs as of the petition filing date and to order her to pay the Husband $17,446.13 to equalize the distribution.

REAL PROPERTY VALUATION
The Husband challenges the court's use of different valuation dates to value the parties' jointly-owned real property. He argues the court should have utilized the July 1994 mortgage balances he provided to compute the net equity values. The Wife does not contest his argument.
The parties jointly owned three condominiums: Wavecrest, in which the Wife resides; Costa Del Sol, in which the Husband resides, and Twin Lakes, located in Halifax, Massachusetts. The trial court awarded Wavecrest to the Wife and the other properties to the Husband. The parties agreed to the following values for each property: Wavecrest, $183,000; Costa Del Sol, $61,000; Twin Lakes, $87,000. Wavecrest and Costa Del Sol were professionally appraised as of 31 August 1994, and the Wife estimated the 1996 market value of the Twin Lakes condominium based on sales of similar units in the complex.
All three properties are mortgaged. The sworn financial affidavits of the parties, admitted into evidence at trial, provided the court with mortgage balances. The Husband's affidavit indicates that as of 5 July 1994, the balances were: Wavecrest, $37,195; Costa Del Sol, $36,985; Twin Lakes, $94,012. The Wife's affidavit, sworn on 29 February 1996, reflects these balances: Wavecrest, $35,429.85; Costa Del Sol, $35,672.53; Twin Lakes, $92,201.75.
Section 61.075, Florida Statutes, the equitable distribution statute, states, in part: "The date for determining value of assets and the amount of liabilities identified or classified as marital is such date or dates as the judge determines is just and equitable under the circumstances. Different assets may be valued as of different dates, as, in the judge's discretion, the circumstances require." *974 § 61.075(6), Fla. Stat. (Supp.1994). This court has long recognized that the determination of valuation dates is squarely within the trial court's discretion. See Moore v. Moore, 543 So.2d 252 (Fla. 5th DCA 1989).
The trial court assigned the Wavecrest condominium a net equity value of $145,805. This figure is the August 1994 appraised value ($183,000) less the July 1994 mortgage balance ($37,195). The Costa Del Sol condominium received a net equity value of $25,327.47. This figure is the August 1994 appraised value ($61,000) less the February 1996 mortgage balance ($35,672.53). The Twin Lakes condominium was valued at $5,201.75. However the mortgage balances provided by the parties, though different, result in a negative net equity amount. It appears the court used the February 1996 balance provided by the Wife. The 1996 estimated market value ($87,000) less the February 1996 mortgage balance ($92,201.75) is -$5,201.75. The Wife concedes the arithmetic error.
The parties provided the trial court with the August 1994 appraised values for the Wavecrest and Costa Del Sol properties. It was therefore reasonable to calculate the net equity value of the Wavecrest condominium using the 5 July 1994 mortgage balance. As such, the court should have determined the net equity value for the Costa Del Sol condominium as of that date, as well. Thus, the correct net equity amount for that property is $25,015 ($61,000 appraised value less $36,985 mortgage balance). Since the parties agreed to use the Wife's estimate of the 1996 market value of the Twin Lakes condominium, the court appropriately used the February 1996 mortgage balance to determine the net equity value. The judgment must be corrected, however, to reflect a negative value.

HUSBAND'S JEWELRY
The Husband argues that the Wife's opinion of the value of his jewelry is not competent to support the trial court's valuation of $10,000. At trial, the Wife testified that the Husband had the following jewelry when the parties separated: a two-karat diamond ring; a diamond wedding band; a white gold and silver wedding band; a gold necklace; three gold pendants; a watch. Neither party obtained an appraisal of the jewelry. The Wife testified that since the Husband valued his jewelry at $1,500 and hers at $20,000, "I figured I would just say we each have ten thousand dollars worth of jewelry." The Husband's financial affidavit, entered into evidence, reflected a value of $1,500.
Property valuation not supported by competent substantial evidence cannot stand. Knecht v. Knecht, 629 So.2d 883 (Fla. 3d DCA 1993), rev. denied, 639 So.2d 978 (Fla. 1994). In Beaty v. Gribble, 652 So.2d 1156 (Fla. 2d DCA 1995), the trial court valued the husband's office building at $80,000. Id. at 1158. This finding was based on the wife's financial affidavit, though the husband's testimony and affidavit showed the building had a net equity value of $28,046. Id. At trial, the wife testified that she based her estimate on prior statements by the husband that the building was worth $80,000. Id. The appellate court held that the wife's valuation was not competent because she did not own the building. Id. Moreover, the court stated, her reliance on the husband's prior statements did not make her valuation competent. Id. However, the husband's testimony was competent because he owned the building. Id.
In this case, the Wife based her valuation on the Husband's prior statement regarding the total value of the parties' jewelry. It is clear from her testimony that the $10,000 figure was not a credible estimate. Therefore, the trial court could not properly rely on this incompetent evidence to value the Husband's jewelry. Beaty. The $1,500 value in the Husband's financial affidavit is competent evidence, however, and the trial court should correct the judgment accordingly.

HUSBAND'S FURNITURE AND FURNISHINGS
The Husband argues that the assignment of $10,000 worth of furniture and furnishings is also unsupported by competent evidence. The Wife introduced photographs of the furniture, and her financial affidavit values the furniture at $10,000. The Husband *975 presented no testimony or other evidence regarding the value of the furniture, except to say the furniture was fourteen years old. As a joint owner of the furniture, the Wife's statement as to its value is competent evidence, and thus, supports the trial court's valuation. Beaty.

BANK ACCOUNTS
The Husband asserts that the trial court erred in distributing to him $54,853.94 from bank accounts at Sun Bank and Shawmut Bank. First, he argues the court abused its discretion in valuing the accounts as of March and June 1993 when the parties separated in November 1992 and the petition for dissolution was filed 21 June 1994. Second, he argues that he used those funds to pay marital debts. Third, the $54,853.94 includes funds he used to purchase a car. The car, a 1994 Ford Crown Victoria, is listed separately in the asset distribution and valued at $14,000. Thus, the Husband argues, the court distributed the asset to him twice.
We find no abuse of discretion in the court's determination of valuation dates. Moore. However, the Husband testified that from the marital funds, he paid $5,000 to avoid a claim against his automobile insurance policy resulting from an accident which occurred in 1993. Because his car, a 1989 Buick LeSabre, was destroyed in the accident, he bought the Crown Victoria, paying nearly $20,000. The Husband had the Buick prior to the parties' separation in November 1992.
Aside from the $5,000 payment to avoid an insurance claim and the approximately $20,000 used to purchase the Crown Victoria, the Wife presented no evidence that the Husband misused the remaining marital funds. Therefore, the trial court erred in distributing to the Husband the entire $54,853.94 as assets already received. See Akers v. Akers, 582 So.2d 1212 (Fla. 1st DCA) (finding abuse of discretion in distributing to wife money she withdrew from joint account to pay mortgage and maintenance costs for house later awarded to husband), rev. denied, 592 So.2d 679 (Fla.1991). The Husband should be charged with $25,000. Since that figure includes the amount paid for the Crown Victoria, the Husband should not be charged an additional $14,000 for that asset.

CONCLUSION
We reverse and remand the judgment for the trial court to make the following corrections and to revise the equitable distribution scheme: The correct net equity amount for the Costa Del Sol condominium should be $25,015. The Twin Lakes condominium should reflect a net equity value of -$5,201.75. The value of the Husband's jewelry should be $1,500. The Husband should be charged only $25,000 for marital funds taken from the Sun Bank and Shawmut Bank accounts. The $14,000 value assigned to the 1994 Ford Crown Victoria should be removed from the Husband's asset distribution. The Wife concedes that the value of her IRA is included within the value of "Wife's Trust." Therefore, the $27,975.23 value assigned to the Wife's IRA should be removed from her asset distribution.
AFFIRMED in part; REVERSED in part.
HARRIS and PETERSON, JJ., concur.