PER CURIAM.
The appellant, Kathleen M. O’Neil, appeals a final judgment of dissolution. We affirm in part, reverse in part, and remand for further proceedings.
The husband and wife were married in April of 1992, and have two minor children. The marital home was in Wakulla County. In 1998, the parties purchased a second home in Gainesville. The wife and the two minor children moved to Gainesville in order for the wife to pursue her Ph.D. The husband remained in the home in Wakulla County, and the parties commuted between the two homes for weekend visitations. The wife petitioned for dissolution of marriage on October 26, 2000.
After a hearing, the trial judge awarded the wife primary residential custody of the children, and the husband was ordered to pay child support. The trial judge made findings regarding the marital and non-marital portions of various investment accounts, pension plans, and 401 (k) plans, and the equitable distribution of the marital assets. The trial judge determined the wife was not entitled to retroactive alimony or an award of attorney’s fees. On appeal, the wife challenges several of the trial judge’s findings.
The wife first argues that the trial judge erred in determining that the parties separated on June 1, 2000, and in valuing the marital assets as of that date. We disagree. Section 61.075(6), Florida Statutes (2000), provides in part: “The date for determining value of assets and the amount of liabilities identified or classified as marital is the date or dates as the judge determines is just and equitable under the circumstances.” The record supports a *1034 finding that June 1, 2000 was the date of separation and the trial judge stated sufficient reasons for selecting this date as the date for valuing the marital assets and liabilities.
The wife next contests the trial judge’s findings regarding the Dean Witter investment account. We reverse the final judgment with regard to this asset and remand for further findings. This account was apparently opened in June of 1998 when the wife deposited approximately $16,000 from her IRA. The wife testified that in July of 1998, some of the funds in the account were used to make the down payment on the home in Gainesville. In August of 1998, $60,000 was deposited in the account. The $60,000 was from the sale of a parcel of real property that was the husband’s non-marital property. The husband presented evidence that the $60,000 was used to buy six mutual funds. At that time, the account also contained various stocks purchased with the initial deposit. In November of 1999, two of the mutual funds were sold and some of the initial stocks were sold. These sales produced approximately $35,000. The husband calculated that $30,000 of this $35,000 was from the sale of the two mutual funds purchased with his non-marital funds. The $35,000 was used to purchase stocks. He therefore contended that 86 percent of the stocks purchased with this $35,000 would be his non-marital property.
Both the husband and the wife testified that when the wife stopped working in 1996, the husband gave the wife $1,000 per month from his checking account which she used to purchase things like groceries, clothing, and other needs for the children. When the wife moved to Gainesville in 1998, the husband increased the amount to $1,200 per month. The husband, however, stopped sending the wife money in May of 2000. Both testified that the husband then told her to take money out of the investment account if she needed money. Beginning in June of 2000, the wife testified that she took approximately $50,000 from the account. Although no other withdrawals were made from the account, the account contained approximately $500 at the time of the hearing due to market fluctuations.
The trial judge determined that on the June 1, 2000, date of separation, $66,873 of the total funds in the account could be traced back to the sale of the husband’s non-marital property and must be treated as non-marital, rejecting the wife’s argument that an interspousal gift was made. This amount consisted of $49,095.74 which remained in the initial mutual funds and $17,777.70 which the trial judge determined was the husband’s 86 percent non-marital portion of investments made using funds from the November 1999 sale of two mutual funds. The trial judge also determined that the husband had a child support obligation during this time of $1,400 per month. The wife was required to “repay” the difference to the husband through the distribution of the marital assets.
The record supports the trial judge’s determination that the husband did not intend to make an interspousal gift of the $60,000 by depositing the funds into the jointly titled account. The record does not, however, support the determination that no interspousal gift was made when two of the mutual funds were sold in November 1999. The proceeds from the sale of these two mutual funds were commingled with marital funds and the combined amount was then used to buy and sell various stocks over a period of time. The trial judge also abused his discretion by requiring the wife to “repay” the entire amount determined to be non-marital on the date of separation. The trial judge’s findings in effect make the wife the guar *1035 antor of the market value of the husband’s interest. The husband could have withdrawn the non-marital portion of the account if he had wanted to protect the value of his interest as of the valuation date. Finally, although the record supports the trial judge’s rejection of the wife’s assertion that she deposited $16,000 of her non-marital property into the account, the findings fail to account for the marital portion of funds in the account on the valuation date. The wife presented evidence of eleven withdrawals from the account from August 4, 2000, through June 14, 2001. On remand, it will be necessary for the trial judge to make detailed findings of the marital versus non-marital value of the account on the date of each withdrawal, taking into consideration the husband’s $1,400 monthly child support obligation.
We reject the wife’s remaining arguments. It does not appear that the trial judge’s findings in the written final judgment are inconsistent with the oral findings made at the hearing. The trial judge announced preliminary rulings, and indicated he wanted written closing argument on the assets at issue. The record supports the trial judge’s determination of the husband’s equity in the two homes and the husband’s non-marital share of his 401 (k) plan. The record also supports the determination that the wife was not entitled to retroactive alimony or an award of attorney’s fees. The trial judge did not err in failing to require the husband to maintain life insurance for the benefit of the minor children. The wife did not request funding of private school below, and the record indicates that the private school tuition was paid by the grandparents. On remand, however, the trial judge should clarify responsibility for payment of health insurance for the minor children. Although the record supports the remainder of the trial judge’s findings, we realize that the additional determinations with regard to the jointly titled investment account may affect the prior distributions of the remaining assets.
We accordingly reverse the final judgment in part and remand for further proceedings consistent with this opinion.
BARFIELD, MINER, and POLSTON, JJ., concur.