CANADY, Judge.
Pearl L. Bryan-Lilly, the former wife, appeals the final judgment dissolving her marriage to Ronald F. Lilly, the former husband, asserting that numerous monetary aspects of the judgment were erroneous. We affirm without comment on the *758 majority of the issues raised by the former wife. However, we conclude that the trial court erred in two respects, and we reverse and remand for correction of those errors.
The first error involves the allocation of certain funds from the sale of a home that the former husband owned prior to the marriage. When the home was sold, a check that listed both the former husband and the former wife as payees was issued in the amount of $34,500. More than two years after the check was deposited, the former wife informed the bank that her endorsement signature on the check was forged. Her allegation resulted in the bank transferring $17,265 from an account used by the former husband to her personal account.
As a result of this transfer, the bank account used by the former husband had a negative balance, putting the former husband in a cash crunch. Because of the sudden deterioration of his financial condition, the former husband filed a motion that, in part, requested payment for his attorneys. This motion was partially granted, and the former wife was ordered to pay $5000 directly to the former husband’s attorney. The trial court determined at the time of final judgment that the $34,500 was the former husband’s premarital property. The trial court consequently ordered the former wife to return $17,265 to the former husband less a deduction for a minor contribution by the former wife toward expenses associated with the property. The total sum of money ordered returned was $16,478.
On appeal, the former wife characterizes the $5000 she was ordered to pay as temporary attorneys’ fees and contends that the failure to subtract that amount from the $16,478 that she was ordered to pay was an abuse of discretion. We agree that the trial court abused its discretion in this respect. From a review of the record, it appears that the basis for the award of temporary attorneys’ fees was that the former husband had insufficient funds to pursue the dissolution litigation as a result of the transfer and that the former wife had sufficient funds as a result of the transfer to pay the husband’s attorneys’ fees.[1]
We conclude that the trial court erred when it treated the former wife as the owner of the $17,265 for the purposes of the award of temporary attorneys’ fees and then ordered the former wife to repay the entire amount (less a deduction she would have been entitled to in any event) after it determined that the former husband in fact owned the funds as premarital property. This was impermissible double dipping. See Diffenderfer v. Diffenderfer, 491 So.2d 265, 267-68 (Fla.1986) (holding that it is error to treat property distributed to a spouse also as a source of income for the payment of alimony by the spouse from whom the property distribution was made).
The argument set forth in the former husband’s answer brief, in which he characterizes the order requiring payment of the $5000 as requiring the former wife “to give the [former] [hjusband [his] assets which [the former wife] had improperly acquired,” supports our conclusion. The former wife should have not been required to return the $5000 twice. On remand, we direct the trial court to amend the final judgment to reduce the $16,478 payable by the wife to $11,478.
*759 The second error involves the trial court’s failure to address the former husband’s arrearage in temporary alimony in the final judgment. The former wife correctly argues that the failure to include provisions in the final judgment of dissolution for payment of the arrearage of temporary alimony would make the arrearage uncollectible unless corrected on appeal. Dirienzo-Gluhareff v. Gluhareff, 865 So.2d 7 (Fla. 1st DCA 2008). On remand, we direct the trial court to address this ar-rearage in its final judgment.
Affirmed in part, reversed in part, and remanded with instructions.
ALTENBERND, C.J., and SILBERMAN, J., Concur.

. We note that the former wife had, prior to the transfer, been awarded temporary alimony in the amount of $750 per month and continued to receive that money after the former husband was awarded temporary attorneys’ fees.