931 So.2d 951 (2006)
Christopher Ross NORWOOD, Appellant,
v.
Andrea ANAPOL-NORWOOD, Appellee.
No. 3D05-1904.
District Court of Appeal of Florida, Third District.
May 10, 2006.
Rehearing Denied July 11, 2006.
*952 Sheri Smallwood, for appellant.
Greenman & Manz and David Manz, Marathon, for appellee.
Before RAMIREZ and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
Rejecting the former husband's only significant point on his appeal from a final judgment of dissolution, we conclude that, after appropriately fixing the characterization of the marital home as a marital asset subject to equitable distribution on the date of filing of the complaint as required by section 61.075(6), Florida Statutes (2003),[1] see Rao-Nagineni v. Rao, 895 So.2d 1160 (Fla. 4th DCA 2005), the trial court did not err in determining as a matter of the discretion conferred by section 61.075(6) the (much lower) valuation of the property at the earlier date of separation. See Edel v. Walker, 927 So.2d 989 (Fla. 5th DCA 2006); O'Neil v. Drummond, 824 So.2d 1032 (Fla. 1st DCA 2002); Noone v. Noone, 727 So.2d 972 (Fla. 5th DCA 1998); Catalfumo v. Catalfumo, 704 So.2d 1095 (Fla. 4th DCA 1997), review denied, 717 So.2d 529 (Fla.1998); see also Nelson v. Nelson, 795 So.2d 977 (Fla. 5th DCA 2001); Perlmutter v. Perlmutter, 523 So.2d 594, 596 (Fla. 4th DCA 1987), review denied, 531 So.2d 1354 (Fla.1988).[2] The trial judge correctly stated:
7. Though the Court has in fact previously ruled as to the determination of the valuation date of the former marital home by the terms of the Court's Order Granting Petitioner's Motion for Partial Summary Judgment, dated January 20, 2005, the Court herein again cites the reasoning and rationale in issuing the referenced order establishing the valuation date, in order that there is no confusion as to this issue. In determining *953 the value of the specific marital assets, the Court notes that pursuant to Fla. Stat. § 61.075(6), a trial court has significant discretion in determining the date of valuation of marital assets. Canakaris [v. Canakaris, 382 So.2d 1197 (Fla.1980) ]; Moore v. Moore, 543 So.2d 252 (Fla. 5th DCA 1989); Szemborski v. Szemborski, 530 So.2d 361 (Fla. 5th DCA 1988). Fla. Stat. § 61.075(6) provides that the date for determining the value of marital assets and liabilities is whatever date the trial judge determines is just and equitable under the circumstances. The trial court, in its discretion, may value different assets and liabilities as of different dates as the circumstances require. Fla. Stat. § 61.075(6); Hicks v. Hicks, 580 So.2d 876 (Fla. 2d DCA 1991).
8. The equitable distribution statute permits flexibility in establishing the valuation date of marital assets, as it authorizes the trial court to exercise its own discretion to accomplish equity between the parties. Here, the Court finds that Florida case law mandates that the date of separation, that is, August 23, 2003, is the most appropriate valuation date for the marital assets.
9. The Court notes that Perlmutter v. Perlmutter, 523 So.2d 594 (Fla. 4th DCA 1988),[3] remains the polestar decision in Florida regarding the question of the determination of valuation dates and the methodology to be used in determining the correct valuation date. Circumstances which will justify the use of a valuation date closer to the date of separation include where there is an increase in the value of a marital asset due solely to the efforts of the owner spouse, or where there is a dramatic reduction in value due to dissipation or wasteful conduct of the owner spouse. The concept of "economic partnership" rests upon the existence of an underlying and continuing marital relationship. In the last analysis, the date chosen must be tailored to the particular facts involved in each case and must be reflective of the legislative mandate to provide for the equitable distribution of the assets of the marital partnership.
10. Where the increase in value of property or continued ownership of property is solely due to the work or efforts of the owner spouse, the use of separation date is mandated. Such is the case in this dissolution action.
11. Here the Wife's testimony at trial, and affidavit in support of her motion for summary judgment, as to the costs of maintaining, repairing and improving the former marital home since the date of separation of the parties demonstrably proved that the entire upkeep, maintenance, improvement, repair, and in fact, continued ownership of the former marital property after the separation of the parties in August 2003 was solely as a result of the efforts and contributions of the Wife, and mandates use of the separation date as the appropriate date for valuation of the property. The actions by the Wife in maintaining the property and in paying the entire expenses on the property constitute the type of conduct as noted in Wegman [v. Wegman, 123 A.D.2d 220, 509 N.Y.S.2d 342 (N.Y.App.Div.1986), amended, 512 N.Y.S.2d 410 (N.Y.App.Div.1987)] justifying use of the separation date as the valuation date, specifically, that where the increase in value of property or continued ownership of property is solely due to the work or efforts of the owner spouse. The Court notes that is the exact situation here, as reflected by the *954 affidavit in support of the Wife's motion for summary judgment and the Husband's responsive affidavit. Specifically, the Wife was the sole party who contributed to the payment of insurance and taxes during the separation and after the separation, and until after the summary judgment motion was filed. The Wife alone was the party who contributed repairs to the property. The Wife alone was the party who contributed to the maintenance and improvement of property. The Wife alone contributed to the deficit between income and expenses as regards the home, of over $1,500 per month. The Wife alone contributed $25,000 in monies for expenses, repairs, renovations, taxes, and insurance after the separation. The Court notes that the affidavit of the Husband, in response to the summary judgment motion, does not contravene the Wife's affidavit and does not offer anything in response that would create a scintilla of fact as to the pertinent issues of which party was responsible for the continued ownership of the property and whether continued ownership of the property after the separation was solely because of the Wife. It cannot reasonably be maintained by the Husband that he should have any share or obtain any share or be entitled to any share of the appreciation of the property from the date of separation of the parties, as it was the efforts of the Wife, and the efforts of the Wife alone, which allowed the continued ownership of the subject property during the lengthy separation between the parties. The Court has granted the Wife's Partial Motion for Summary Judgment regarding the issue of the separation date. Accordingly, the Husband's share of the former marital home shall be determined as of the separation date.
No error nor need for discussion has been presented as to appellant's remaining points.
Affirmed.
NOTES
[1] Section 61.075(6) reads:

The cut-off date for determining assets and liabilities to be identified or classified as marital assets and liabilities is the earliest of the date the parties enter into a valid separation agreement, such other date as may be expressly established by such agreement, or the date of the filing of a petition for dissolution of marriage. The date for determining value of assets and the amount of liabilities identified or classified as marital is the date or dates as the judge determines is just and equitable under the circumstances. Different assets may be valued as of different dates, as, in the judge's discretion, the circumstances require.
(Emphasis added).
[2] Although Perlmutter was essentially overruled on this issue by section 61.075(4), Florida Statutes (Supp.1988), it was restored to full force and vigor by the later amendment of section 61.075(6) contained in chapter 94-204, § 1, at 1172, Laws of Florida, which applies to this case. E.g., Byers v. Byers, 910 So.2d 336 (Fla. 4th DCA 2005)(applying post-1994 statute and citing Perlmutter); Jahnke v. Jahnke, 804 So.2d 513 (Fla. 3d DCA 2001)(same).
[3] See supra note 2.