SHEPHERD, J.
 

 This is an appeal brought by the former husband, Jorge G. Zarate, from a final judgment of dissolution of his marriage to Maria C. Zarate. We find the former husband has raised two meritorious points.
 

 First, the trial court miscalculated the former husband’s child support obligation by failing to deduct the amount of the periodic alimony award made to the former wife from the former husband’s monthly income, and then failing to add it to the monthly income of the former wife.
 
 See
 
 §§ 61.30(2)(a)(9); (3)(g), Fla. Stat. (2008);
 
 Melo v. Melo,
 
 864 So.2d 1268, 1269 (Fla. 3d DCA 2004).
 

 
 *936
 
 Second, we agree with the former husband that the trial court’s statement in the final judgment regarding the alimony-award being “lifetime alimony until she marries, dies or there are other circumstances” (emphasis added) allows at least a theoretical argument that a “circumstance” may arise at some future date in which the former husband may be required to pay alimony even if the former wife re-marries. The law of this State is clear that in the absence of agreement to the contrary, periodic alimony ceases upon the re-marriage of the recipient spouse.
 
 See In re Freeland's Estate,
 
 182 So.2d 425, 426 (Fla.1965).
 

 For the foregoing reasons, we reverse and remand this case for recalculation of the former husband’s child support obligation and clarification that the husband’s periodic alimony obligation ends upon remarriage of the former spouse. In all other respects, we affirm the judgment below.
 

 Affirmed in part, reversed in part with directions.