WALLACE, Judge.
 

 Randy V. Heysek (the Husband) appeals the final judgment that dissolved his marriage to Mary L. Heysek (the Wife). The Husband raises seven issues. He challenges the valuation of one of his business interests, the equitable distribution scheme, the award of permanent periodic alimony, the calculation of the child support award, the exclusion of the testimony of two expert witnesses at trial, the selection of the starting date for the accrual of interest on the equitable distribution award, and a life insurance requirement. On her cross-appeal, the Wife challenges the inclusion of a bank account in the equitable distribution scheme. We find merit in the Husband’s arguments concerning the inclusion of an inherited asset in the equitable distribution scheme, the failure to account for marital funds paid to the Wife either as support or in equitable distribution, and the calculation of the child support award. In addition, we find merit in the Wife’s argument on cross-appeal as discussed under section II below. In all other respects, we affirm the final judgment.
 

 I. THE INHERITED IRA ACCOUNT
 

 The Husband owned a Baird IRA account that he had inherited from his mother. At the time of the final hearing, the value of the account was $52,351. There was no evidence that the Husband had transferred an interest in this account to the Wife or that the account had been commingled with marital funds. In the equitable distribution scheme, the trial court treated this account as a marital asset and awarded it to the Wife.
 

 We agree with the Husband that the Baird IRA account that he inherited from his mother was a nonmarital asset. The trial court erred in treating this asset as a marital asset and in awarding it to the Wife. Nonmarital assets include “[ajssets acquired separately by either party by noninterspousal gift, bequest, devise, or descent, and assets acquired in exchange for such assets.” § 61.075(5)(b)(2), Fla. Stat. (2004);
 
 see Grieco v. Grieco,
 
 917 So.2d 1052, 1053-54 (Fla. 2d DCA 2006) (noting same);
 
 Pinder v. Pinder,
 
 750 So.2d 651, 653 (Fla. 2d DCA 1999) (noting same);
 
 Martin v. Martin,
 
 923 So.2d 1236, 1238 (Fla. 1st DCA 2006) (noting same). On remand, the trial court must assign the inherited Baird IRA account to the Husband as his nonmarital property and make appropriate adjustments to the equitable distribution scheme.
 

 II. THE THONOTOSASSA PROPERTY AND THE PLATINUM BANK ACCOUNT
 

 Before the final hearing, the parties entered into a stipulation to sell a
 
 *879
 
 commercial, marital property located on Thonotosassa Road in Plant City, Florida. The trial court memorialized the terms of their agreement in an order approving the stipulation. Under the agreement, the Wife received $250,000 and the Husband received $111,290.86 from the sale proceeds. An additional $15,000 from the sale proceeds was held in escrow “for the purpose of paying capital gains, if any, on said property.” The agreement required the Wife to open a separate account to deposit the $250,000 that she received and to use those funds as temporary support for herself and her children. The parties further agreed as follows:
 

 4. The disbursement of the proceeds from the sale of the commercial property ... as outlined herein does not waive or prejudice any rights of either party to argue their rights to temporary support and to an equitable distribution of marital assets.... [The] Wife retains the right to assert her right to temporary support from the date of the disbursement until the August 10, 2006, temporary hearing, as well as for temporary support retroactive to the date of filing, and for future temporary support from August 10, 2006, until final judgment. [The] Husband may also argue at the August 10, 2006, hearing that the disbursements are a partial distribution.
 

 5. This agreement settles only the need of [the] Wife to pay bills and living expenses until the temporary support hearing on August 10, 2006, without prejudicing either parity’s] legal rights to these disbursements.
 

 In the final judgment, the trial court noted that the Wife claimed the Husband had “dissipated” $876,291 in marital assets as a result of the sale of the Thonotosassa property because she was required to use $250,000 of the proceeds for support during the pendency of the proceedings. In contrast, the Husband had included $857,225 from the sale of that property as part of the total support that he had paid the Wife during the pendency of the proceedings.
 

 The trial court determined that the Tho-notosassa proceeds “should not be included as ‘pure’ temporary spousal support to the Wife,” and it “decline[d] to credit the Husband with paying spousal support from the sale of a marital asset when the Court [found] that the Husband had the ability to pay temporary spousal support from his own income.” Thus, when calculating the Husband’s retroactive support obligation for the period of the dissolution proceedings, the trial court specifically excluded the $250,000 that had been paid to the Wife “as an offset for potentially back-owed support” because those funds were derived from “mar[it]al assets/liabilities and therefore more appropriately considered ‘distribution’ advances to the Wife rather than ‘support.’ ”
 

 But when the trial court allocated the parties’ marital assets in equitable distribution, it did not allocate to the Wife the $250,000 that she had received from the sale of the Thonotosassa property, indicating that those funds were for “[s]upport not [an] asset.” Somewhat inconsistently, the trial court distributed the $111,291 that the Husband had received from the sale to him.
 

 The Husband argues on appeal that the trial court erred in declining to treat the $250,000 given to the Wife from the Tho-notosassa sale as either previously paid support or as a distributed asset. The Wife states that “[i]nstead of adding to [the] Husband’s retroactive support ar-rearage, the [trial] court simply did not include the proceeds used for support as an asset to [the] Wife in the equitable distribution.” And she argues “that depleted assets used for support without mis
 
 *880
 
 conduct should not be considered in the equitable distribution” and that she “performed no acts of misconduct [to justify a] credit[ ] against her.”
 

 We agree with the Husband that in failing to treat the $250,000 paid to the Wife from the Thonotosassa property sale either as previously paid support or as a prior distribution of a marital asset, the trial court erred. The Wife argues that the trial court intended to penalize the Husband for his waste of a marital asset to pay support when he had sufficient income to pay support. But she cites no authority for the proposition that the trial court could both decline to treat the funds as previously paid support and refuse to allocate the funds to the Wife in its equitable distribution scheme. In essence, the Husband is being required to pay the Wife twice, first upon the original distribution of $250,000 to the Wife and again through a retroactive support award.
 
 See Bryaiir-Lilly v. Lilly,
 
 880 So.2d 757, 758 (Fla. 2d DCA 2004) (holding that the trial court engaged in improper double-dipping when it treated the wife as owner of $17,265 in funds that she had taken from an account for the purpose of determining that she should pay the husband $5000 in temporary attorney’s fees and then later determined that the funds were the husband’s premarital property and directed the wife to return the funds without credit for the fees paid). On remand, the trial court must either treat the $250,000 paid to the Wife as previously paid support and credit the Husband for that payment or treat the funds as a prior distribution of a marital asset and make appropriate adjustments to the distribution scheme.
 

 The matter is further complicated by the trial court’s distribution of a Platinum Bank checking account to the Wife with a stated value of $49,986 as of April 30, 2008. The Wife challenges this ruling in her cross-appeal. The Husband represents, and the Wife does not dispute, that the Wife opened this account postpetition with funds derived solely from the Thonotosas-sa proceeds that were paid to her from the sale of that property. Because the funds in this account will be included as part of a credit against the Husband’s support obligation or as part of the equitable distribution of the Wife’s share of the proceeds of the Thonotosassa property, it would be improper to again distribute the funds from the Thonotosassa property to the Wife by allocating the balance of the Platinum Bank checking account to her in equitable distribution.
 
 See id.; see also Noone v. Noone,
 
 727 So.2d 972, 975 (Fla. 5th DCA 1998) (holding that the husband could not be charged in equitable distribution both with the use of marital funds to purchase a car and with the value of the car). Accordingly, on remand the trial court must address the issue of the treatment of the Platinum Bank checking account.
 

 III. THE CALCULATION OF THE CHILD SUPPORT AWARD
 

 The Husband argues that the amount of the child support award was incorrectly calculated because the trial court failed to deduct the amount of the periodic alimony award payable to the Wife in determining the amount of his net income.
 
 [1]
 
 The Husband is correct. Section 61.30 provides, in pertinent part:
 

 (3) Allowable deductions from gross income shall include:
 

 [[Image here]]
 

 (g) Spousal support paid pursuant to a. court order from a previous marriage or the marriage before the court.
 

 
 *881
 
 (4) Net income for the obligor and net income for the obligee shall be computed by subtracting allowable deductions from gross income.
 

 See Zarate v. Zarate,
 
 28 So.3d 935, 935 (Fla. 3d DCA 2010) (holding that the trial court miscalculated the husband’s child support obligation by failing to deduct the amount of permanent periodic alimony payments that he made to the wife from his monthly income);
 
 Finney v. Finney,
 
 995 So.2d 579, 581 (Fla. 1st DCA 2008) (noting same);
 
 Silver v. Silver,
 
 898 So.2d 145, 146 (Fla. 4th DCA 2005) (noting same);
 
 Calderon v. Calderon,
 
 730 So.2d 400, 402 (Fla. 5th DCA 1999) (noting same). On remand, the trial court must recalculate the child support award and adjust the amended income deduction order to reflect the correct amount of child support payable by the Husband.
 

 IV. CONCLUSION
 

 We reverse the final judgment to the extent that it includes the Husband’s inherited Baird IRA account as a marital asset in the equitable distribution scheme and fails to treat the Thonotosassa property proceeds paid to the Wife as either support or a distributed marital asset. We also reverse the final judgment to the extent that it incorrectly calculates the amount of the child support payable by the Husband. On remand, to correct these deficiencies the trial court must make appropriate amendments to the final judgment and to the amended income deduction order. In all other respects, the final judgment is affirmed.
 

 Affirmed in part, reversed in part, and remanded.
 

 NORTHCUTT and CRENSHAW, JJ„ Concur.
 

 [1]
 

 . We note that the trial court properly included the permanent periodic alimony awarded to the Wife in determining her income for the purpose of calculating the child support award. See § 61.30(2)(a)(9).