DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FLORENCE M. BELLEGARDE,**
Appellant,

v.

**YVES ANTOINE O. BELLEGARDE,**
Appellee.

No. 4D2023-3133

[August 7, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Darren Dunifon Shull, Judge; L.T. Case No. 502021DR003454MB.

Jonathan Mann and Robin Bresky of Schwartz Sladkus Reich Greenberg Atlas LLP, Boca Raton, for appellant.

James Jean-Francois of Law Offices of James Jean-Francois, P.A., Hollywood, for appellee.

MAY, J.

The trial court's equitable distribution of marital property is challenged in this appeal from a final dissolution of marriage. The former wife argues, among other issues, the trial court erred in valuing the marital home at the time of the dissolution for purposes of equitable distribution. We agree and reverse.

- ***The Facts***

A few years after their marriage, the parties decided to build a home in Florida. Before closing on the home, the former husband changed his mind and did not want the house. At that time, he was living with another woman elsewhere.

The former wife purchased the house on her own, and paid all the expenses, including the mortgage, homeowner's association fees, repairs,

and property taxes. The former husband's name was on the mortgage, but not on the deed. He made no financial contributions to the marital home.

The former husband subsequently moved into the marital home and resided there until December 2014.[1] The parties lived separately within the home from 2012-2014. The former husband continued to contribute nothing toward the expenses during his residence there.

In 2021, the former wife petitioned for dissolution, alleging the marriage was irretrievably broken. She sought (1) retroactive child support for two years the parties were separated, (2) unequal distribution of the marital home, (3) credits and setoffs, and (4) restoration of her maiden name.

The former wife introduced the Property Tax Detail from the Palm Beach County Property Appraiser's Office that showed the taxes paid and the assessed value of the marital home. The home was assessed at $478,960.00 for 2023, $313,391.00 for 2021, and $250,00.00 for 2014.

The former wife testified about the former husband's infidelity and alcohol abuse during the marriage. The former wife testified she raised their only child alone. The former husband was rarely present. The former husband did not attend the child's birth or baptism. He was never home for the holidays, and they never took family vacations together.

The former wife cooked the meals, helped the child with her homework, and attended the child's school functions. The former husband did however pay for the child's private school tuition and private volleyball coach. Occasionally, the former husband drove the child to school.

The former husband's bank records showed he earned $40,136.93 between July 2022 and July 2023, but he indicated on his financial affidavits that he had no income in 2022 and 2023. According to the former husband's tax returns, he had income of $59,412.00 in 2019, $60,258.00 in 2020, and $38,239.00 in 2021.

The former husband testified the former wife's allegations against him were false. He testified he was present for the child while she was growing up. He admitted not paying the former wife any child support during the parties' separation.

He also admitted not paying anything toward the marital home, but still claimed he was entitled to 50% of its value. In 2004, the former husband

---

[1] The record is unclear whether he moved into the marital home in 2005 or 2008.

signed an Affidavit of Non-Homestead for the marital home. He testified that he paid an undisclosed amount for the child's private school and $350 per month for a volleyball coach.

The trial court granted the former wife's petition. The trial court:

(1) denied the former wife's request for unequal distribution of the marital home, awarded the former husband 50% of the marital home and determined its value at the time of trial;

(2) denied the former wife's request for retroactive child support;

(3) denied the former wife's request for credits and setoffs; and

(4) denied the former wife's request for attorney's fees.

From the final judgment, the former wife now appeals.

- ***The Analysis***

The former wife argues the trial court erred because the increase in the marital home's value was due solely to her. The trial court should have used the date of separation rather than the date of trial to value the marital home for equitable distribution purposes. The former husband responds the trial court correctly assessed and distributed the marital home's value.

We review a trial court's equitable distribution for an abuse of discretion. *Fiala v. Fiala*, 333 So. 3d 215, 219 (Fla. 4th DCA 2022). "[A] trial court has significant discretion in determining the date of valuation of marital assets." *Norwood v. Anapol-Norwood*, 931 So. 2d 951, 953 (Fla. 3d DCA 2006).

Section 61.075(7), Florida Statutes (2020), provides, "The date for determining value of assets and the amount of liabilities identified or classified as marital is the date or dates as the judge determines is just and equitable under the circumstances." Thus, "[a] trial court, in its discretion, may value different assets and liabilities as of different dates as the circumstances require." *Norwood*, 931 So. 2d at 953.

The distribution of marital assets or liabilities

> shall be supported by factual findings . . . based on competent substantial evidence . . . **[and] include specific written findings of fact as to . . . [any] findings necessary to advise**

3

**the parties or the reviewing court of the trial court's rationale for the distribution** . . . .

§ 61.075(3)(d), Fla. Stat. (2020) (emphasis added).  While the trial court has broad discretion, the facts of this case do not support the trial court's decision to use the higher value of the home.

Here, testimony showed the former wife made **ALL** the mortgage payments.  The former husband made **NO** financial contributions to the marital home.  And, the former wife paid for repairs, homeowners association fees, and taxes before, during, and after the former husband chose to live there.  In fact, the former husband had not lived in the marital home for seven years prior to the former wife filing of the petition for dissolution.

These facts are akin to those in *Norwood.*  There, the trial court used the date of separation to value the marital home.  There, the former wife had similarly paid all the expenses for the home since the parties' separation.  Here too the trial court should have valued the property as of the date the parties separated and not the time of the dissolution where the marital home was worth almost double the value of the home.

The trial court erred in two respects.  First, it failed to make specific written findings to justify its use of the more recent valuation of the home.  *See Jordan v. Jordan*, 127 So. 3d 794, 796 (Fla. 4th DCA 2013).  And second, the facts of this case do not justify using the more recent date to value the home.

In her second issue, the former wife argues the trial court erred when it did not award her credit for half of the mortgage and property tax payments she alone paid since the date of their separation.  This is an equally convincing argument.  However, based on our decision concerning the valuation of the marital property, we find no error in denying the former wife's request in this regard.

In her third issue, the former wife argues the trial court abused its discretion in denying retroactive child support for the last two years of the child's minority following the parties' separation.  The former husband responds the trial court did not err because he paid for the child's private school and for volleyball coach.

"A trial court's denial of retroactive child support is reviewed for an abuse of discretion."  *Johnson v. Johnson*, 297 So. 3d 700, 704 (Fla. 1st DCA 2020).

4

Section 61.30(17), Florida Statutes (2020), provides:

> In an initial determination of child support, . . . [a trial] court has discretion to award child support retroactive to the date when the parents did not reside together in the same household with the child, not to exceed a period of 24 months preceding the filing of the petition . . . .

"A trial court abuses its discretion when it denies retroactive child support where there is a demonstrated need for the child support and the parent has the ability to pay the retroactive support." *Fla. Dep't of Revenue o/b/o Simpson v. Carreira*, 313 So. 3d 175, 177 (Fla. 1st DCA 2021).

Here, we are unable to discern from the record a demonstrated need for child support, what amount was appropriate, or whether the amount the former husband paid for private tuition and the volleyball coach met or exceeded an appropriate amount. It does appear however the trial court found the private tuition and volleyball coach was equivalent to child support. We therefore affirm on this issue.

*Affirmed in part; reversed in part.*

KLINGENSMITH, C.J., and DAMOORGIAN, J., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

5