DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL D. SILVA,**
Appellant,

v.

**COLLEEN CLAFFEY,**
Appellee.

No. 4D2024-0269

[February 5, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Elaine A. Carbuccia, Judge; L.T. Case No. FMCE21-001604.

Stuart N. House of Stuart N. House, P.A., Fort Lauderdale, for appellant.

Kathleen K. Peña, Fort Lauderdale, for appellee.

KLINGENSMITH, C.J.

Michael D. Silva ("Husband") appeals the trial court's final judgment of dissolution of marriage, which, among other things, valued the marital home as of the trial date as requested by appellee Colleen Claffey ("Wife"), despite Husband's request to value the residence as of the parties' separation date. We reverse on that issue but affirm on all others raised.

The trial court found that both Husband and Wife contributed to the marital home's acquisition and enhancement between the time they purchased it in 2000 and the time they separated in 2015. The trial court further found that, despite Wife's post-separation absence, Wife had "participated in refinancing and the initial refurbishment of the home, including joint efforts in various improvement projects." Although Husband claimed to have made substantial repairs to the home, the trial court concluded that Husband failed to present evidence establishing that the repairs had enhanced the home's value. The trial court ultimately concluded that, due to the substantial but passive appreciation in the marital home's value, it was just and equitable to value the home as of the trial date rather than the separation date.

Husband moved for rehearing, arguing the trial court erred by valuing the marital residence as of the trial date because the continued ownership of the marital residence was attributable solely to Husband's efforts after Wife abandoned the residence. Husband further argued the trial evidence showed that Wife's participation in refinancing and refurbishing the marital home, which the trial court referenced in the final judgment, occurred before the parties separated.

This Court reviews a trial court's equitable distribution for an abuse of discretion. *Bellegarde v. Bellegarde*, 392 So. 3d 152, 154 (Fla. 4th DCA 2024) (citing *Fiala v. Fiala*, 333 So. 3d 215, 219 (Fla. 4th DCA 2022)). The distribution of marital assets or liabilities must be:

> supported by factual findings . . . based on competent substantial evidence . . . [and] include specific written findings of fact as to . . . [any] findings necessary to advise the parties or the reviewing court of the trial court's rationale for the distribution . . . .

§ 61.075(3)(d), Fla. Stat. (2021).

In *Perlmutter v. Perlmutter*, 523 So. 2d 594 (Fla. 4th DCA 1987), we explained that the appropriate valuation date for a marital asset is left for the trial court to determine "on a case by case basis, depending upon the facts and circumstances thereof." *Id.* at 596. Circumstances justifying the use of a valuation date closer in time to the commencement of the dissolution of marriage action rather than the trial date include a sharp increase in the value of a marital asset due solely to the efforts of the owner spouse or a dramatic reduction in value due to dissipation or wasteful conduct of the owner spouse. *Id.*

Since deciding *Perlmutter*, we have held a trial court abuses its discretion by valuing a marital residence as of the trial date if the parties have been separated for some time and only one spouse contributed to the home's maintenance after the separation. *Bellegarde*, 392 So. 3d at 155. In *Bellegarde*, the former wife made all the mortgage payments for the marital home in addition to paying for all repairs, homeowners association fees, and taxes. *Id.* The former husband had not lived in the marital home in the seven years before the former wife petitioned for dissolution of the marriage. *Id.* Despite these facts, the trial court in *Bellegarde* erroneously used the trial date to value the marital residence. *Id.* at 154-55. We reversed, holding that the trial court should have valued the property as

2

of the parties' separation date given that the former husband made no financial contributions to the marital home. *Id.* at 155. *See Norwood v. Anapol-Norwood*, 931 So. 2d 951, 953 (Fla. 3d DCA 2006) ("Where the increase in value of property *or continued ownership of property is solely due to the work or efforts of the owner spouse*, the use of separation date is mandated.").

The record in this case establishes that the continued ownership of the marital residence after the parties' separation was solely attributable to Husband's efforts and contributions. The unrebutted evidence established that Wife did not help pay for any of the mortgage payments after the separation nor did she help pay for any repairs, taxes, or property insurance related to the marital home. Further, no evidence established that Wife participated in any home improvements, refinancing or refurbishment after the parties separated. Although Wife testified that she had paid for other expenses during the separation, such as the family's health insurance, these payments did not constitute financial contributions to the marital home. *See Bellegarde*, 392 So. 3d at 154, 155 (concluding that the former husband made no financial contributions to the marital home even though he paid unspecified amounts for the parties' child's schooling and extracurricular activities).

Whether the increase in the value of the marital residence at issue is attributable to passive appreciation rather than the efforts of one spouse is not relevant to this determination. Neither is Husband's alleged failure to ask Wife to help pay for any such repairs or expenses related to the home. The analysis under both *Norwood* and *Bellegarde* focuses on whether the continued ownership of marital property is solely attributable to the efforts of one spouse, such that the non-contributing spouse is no longer entitled to benefit from the passive appreciation of the marital property post-separation. *See Norwood*, 931 So. 2d at 953-54; *Bellegarde*, 392 So. 3d at 155. Thus, the evidence presented in this case did not justify the trial court's decision to value the marital residence as of the trial date rather than the parties' separation date. We therefore reverse the final judgment and remand for the trial court to value the marital residence at the time of separation.

*Affirmed in part, reversed in part, and remanded.*

CIKLIN and ARTAU, JJ., concur.